UTICA,<br>August, 1823.

THE PEOPLE<br>v.<br>M'DONALD.

Motion denied.(*c*)

(*c*) Vid. 20 *John. Rep.* 477, *S. C.*

---

THE PEOPLE *against* M'DONALD & DOBBS, who are impleaded with SARAH HAVILAND.

THE SAME *against* THE SAME.

THESE were separate actions of debt, on the same administration bond. The bond was given by *M'Donald & Dobbs*, as sureties of *Sarah Haviland*, administratrix, &c. of *John Haviland*, deceased, pursuant to the act. (*Vid.* 1 R. L. 447.)

The defendant, having appeared in each action, the plaintiffs declared; and one breach in both declarations, was the *not filing an inventory within the six months allowed by the bond.*

The declaration in the first suit farther set forth, that *Sarah Haviland*, as administratrix, had prosecuted an action of assumpsit, against one *Bannen, wherein judgment, as in case of non-suit, for not bringing the same to trial*, had been rendered against her. It then set forth a judgment and execution *de bonis intestatoris, et si non, &c.* and a return of *nulla bona*.

Record a<br>mended where<br>by mistake the<br>judgment was<br>drawn <em>de bonis<br>propriis</em>,<br>whereas it<br>should have<br>been <em>de bonis<br>intestatoris, si,<br>&c. et de bonis<br>propriis, si<br>non, &c.</em><br>Where two<br>actions were<br>bro't upon an<br>administration<br>bond under<br>the statute<br>(<em>vid.</em> 1 R. L.<br>447,) to recov<br>er two several

UTICA,
August, 1823.

THE PEOPLE
v.
M'DONALD.

claims in fa-
vour of the
same plaintiff,
the court or-
dered them to
be consolida-
ted.
And, in such
an action,
assigning
for breach the
not filing an
inventory, &c.
within six
months, where
it is not shewn
that the rela-
tor suffered a-
ny injury from
the omission,
is improper;
and such an
assignment
was ordered to
be stricken out
of the declara-
tion.
The relator
being within
the jurisdic-
tion of the
court, procee-
dings on his
part will not
be stayed till
security for
costs are filed.
The collec-
tion of the
costs against
him may be
enforced by
attachment.

In the second suit, the declaration set forth, that she had brought trover, as administratrix, against *Bannen, the conversion being laid after the granting of administration,* wherein there was a verdict and judgment against her ; with the *like judgment, execution* and *return,* as in the other suit. But the truth was, that, through a clerical mistake, the records in both suits were drawn of a judgment as *against an administratrix, de bonis propriis,* absolutely, without first inserting the usual conditional clause, *de bonis intestatoris, si, &c.* so that in both actions there was a variance between the declaration and record. The Surrogate certified, that he had ordered the prosecution of the bond, on the supposition that the judgments were *de bonis intestatoris, si, &c.* and would not have done so, merely *because the inventory was not filed within the six months,* as no substantial injury was pretended from the omission ; and there was one, *in fact,* filed shortly after. There were two counts in each declaration. The *first count,* in both declarations, was for the *same cause of action,* viz. *for not filing the inventory, &c. and the costs in the action of assumpsit.* The second count was in one declaration, for *not filing the inventory, &c.* and for the *costs in the action of assumpsit.* In the other, it was *for not filing the inventory, &c.* and *for the costs in the action of trover.*

*D. S. Jones,* moved that these causes, or one of them, be *discontinued,* or *permanently stayed,* or that the *first count* in *both,* or *one* of the declarations, be stricken out ; that, in such counts as are retained, *all the breaches assigned for not filing the inventory* be stricken out ; or that all proceedings in both suits be stayed *till security for costs be paid;* or for such other rule, &c.

He urged, 1. That the suits ought to be discontinued. In *the People v. Duncan,* (1 *John.* 311) this Court decided, that in a suit improperly brought upon one of these bonds, they will interfere, and correct the abuse in a summary manner. The judgments are simply *de bonis propriis,* and they were properly so. One was a judgment as in case of nonsuit, for not going to trial, and the other a verdict against the administratrix in trover, where the conversion is laid after

letters granted. In both these instances, the administratrix is chargeable *de bonis propriis*, and not *en autre droit*. The administratrix being in personal default, she ought to pay in her own right. This is a reason also against amending the records, which I suppose the Court will be asked to do. The statute, under which this bond was given, says, that " in case any such bond, &c. have or shall become forfeited, it shall be lawful for the Judge of the Court of Probates, &c. and Surrogates granting administration, &c. to cause the same to be prosecuted, &c. at the request of any party grieved by such forfeiture, and the monies recovered upon such bond shall be applied towards making good the damages sustained, by the not performing the condition, in such manner as the said Judge or Surrogate shall, by his sentence or decree, direct." Now, here is no claim against *Sarah Haviland, qua administratrix.* The judgments are not *de bonis intestatoris ;* and had the Surrogate known this, he never would have given directions to sue. Execution must go against *Sarah Haviland,* in her individual *capacity,* not *en autre droit.* Her being named administratrix in the judgment, is merely a *descriptio personæ.*

2. The assignment of breaches for not filing the inventory, can answer no substantial purpose to the plaintiffs, and the Court should order it to be stricken out. An inventory is, in fact, filed. We are then to be mulct in costs for no manner of purpose. The Court, under their equitable powers, will never suffer this bond thus to be made a vehicle of oppression.

3. One suit would have answered every purpose. The bond is entire, and for one object. Here is but one relator. And the two distinct breaches in these two actions might both have been assigned in one suit.

4. If the Court permit the relator to go on with one suit, they will compel him to elect his count. Ordinarily, it is true, the party may use as many counts as he pleases. But I have shown, that this case is *sui generis.* It is under the equitable power of the Court throughout. Why allow the party to increase the costs by an unnecessary length of pleading? He may, under the statute of 8 & 9 *W.* 3. (1 *R.*

*L.* 518,) assign as many breaches as he pleases, in a single count. This will answer him every purpose.

*A. Burr,* contra, moved to amend the judgments. He said it was not a matter of course to take judgment and execution *de bonis propriis,* where judgment as in case of non-suit is given, or a judgment goes against the plaintiff in trover, though the conversion be laid after administration taken. The judgment *de bonis intestatoris, si non, &c.* is the usual entry in cases like the present. Indeed, I may say, the entry is always in this form. It was so intended in this case ; and, that it was not done, is owing to a mere clerical mistake of the attorney, which is amendable of course. This was done in *Short* v. *Coffin,* (5 *Burr.* 2730) even after error brought for this cause ; and a number of cases to the same point are cited in the modern editions of Burrow. Another reason for refusing this motion is, that the party might have availed himself of the same matter by pleading *nul tiel record.* That the Surrogate would not have ordered a prosecution, for omitting to file an inventory, rests upon his mere certificate, which is no evidence. The bringing of two suits is objected to, on account of costs ; but, in this point of view, it is rather advantageous, than otherwise, to the defendants. There can be but one taxation, which will include the folio in only one of the suits ; and will, therefore, amount to less than where the party is driven to a single suit, and is consequently bound to increase the folios in order to embrace all the causes of action in one declaration. The whole of this controversy upon the length of the pleadings should be postponed to the time of taxing the costs, after a verdict shall have been rendered for the plaintiffs.

*Curia.* The award of execution *de bonis propriis,* without the *si non* clause, is a clerical mistake of the attorney. The record is no doubt erroneous ; for though the administratrix may have been liable, it was only in default of assets belonging to the estate of the intestate. Where the administrator is liable, the proper form of entry is *de bonis intestatoris, si, &c. et de bonis propriis, si non, &c.* This is conformable to

the case cited by the counsel for the defendants.  In that case the Court allowed this amendment even after error brought, and *in nullo est erratum* pleaded.  We, accordingly, allow the amendment as applied for.  This disposes of the application to discontinue, or stay the suits.  To that part of the application which seeks a stay, till security for costs are given, it is a sufficient answer, that the relator is before the Court, and liable for costs ; and, nothing appearing that he is without our jurisdiction, they may be collected by process of attachment.  But it was wrong to prosecute two several suits upon the bond.  One would have answered every possible purpose ; and we order the suits to be consolidated, with leave for the plaintiff to declare *de novo.*  We also direct the assignment of breaches, grounded on the omission to file an inventory, to be stricken out.  No injury, from that omission, is pretended.  And to retain these breaches, would be to sanction a recovery of nominal damages, to no manner of purpose beneficial to the plaintiff, and to vex the defendants with costs, unnecessarily.

Rule accordingly.