ALBANY,<br>January, 1830.<br><br>Brewster<br>v.<br>Stewart.

Motion denied.

---

### Brewster *vs.* Stewart

Motion for consolidation. Two suits were commenced by Brewster against Stewart by capias, served on the same day, returnable at the last August term. Two declarations were delivered, each containing one count on a justice's judgment, each judgment being for the sum of $54,67, each rendered in the *month* of July, 1829, and a transcript of each was filed on the same day in the clerk's office of the county of Oswego; it was not, however, shewn that the judgments were *rendered* on the *same day*, nor was there an affidavit of merits. The defendant before pleading obtained an order to stay proceedings, and now moved that the causes be consolidated, and that the plaintiff pay the costs of the motion.

A consolidation rule will be granted where several actions are pending between the same parties brought at the same time, the causes of action in which may be comprised in the same declaration.<br>A defence an the merits need not be set up to entitle a defendant to the benefit of the rule.

*Smith & Brown*, for defendant, relied on 2 T. R. 639; 1 Johns. C. 28; Statutes, vol. 4, c. 280, § 7, enacted in 1818.

*W. C. Noyes*, for plaintiff. The object of compelling a consolidation of actions is to prevent the unnecessary accumulation of costs by the litigation of several suits at nisi prius, where the whole matter may be determined in one suit. (Tidd's Pr. 557.) Here there is no pretence of a defence; he has not put in a plea, and for aught that appears, never will,

ALBANY,
January, 1830.

Brewster
v.
Stewart.

This court have refused to consolidate actions, brought on several policies of insurance on one risk, though the question was the same on all, for the reason that the contracts were several; so they have refused to consolidate where the suits were on promissory notes, between the same parties; (1 Caine's R. 114, n. b.) and subsequently, where three suits were brought by the endorsee of three several notes against the same maker, all of which were due when the suits were commenced, a motion to consolidate was refused. (9 Johns. R. 262.) In the last case the court say, that when separate suits are brought upon notes or contracts made at the *same time* and which might have been united in one action, and when *the defence* is the same in all, they would be inclined to grant the rule; within this rule this motion cannot prevail, for it is not shewn that the judgments declared on were rendered at *the same time,* or that *the defence* would be the same as no defence whatever is set up.

*By the Court,* SAVAGE, Ch. J. The practice of the king's bench seems to extend the consolidation rule to all actions between the same parties, brought at the same time, where the causes of action might be comprised in the same declaration. This court has not gone the same length, and even as late as 9 Johns. R. 262, in a case decided in 1812, a motion to consolidate was refused where three suits were brought by the same endorsee against the same maker on three promissory notes, all due at the commencement of the suits, and they brought at the same time, solely because the notes varied in dates, sums and times of payment. By the act of 1818, however, the courts are authorized, whenever several suits are brought and prosecuted by the same plaintiff against the same defendant for causes of action which by law may be joined, to order the several suits to be consolidated into one action, if in their discretion it shall seem to them meet and proper so to do. This provision is re-enacted in the Revised Statutes, (vol. 2, p. 383, § 36.) Its object was to prevent oppression by the unnecessary accumulation of costs. It does not require that a defence on the merits should be shewn to entitle the party to the interposition of the court. The motion is granted, but without costs.