DUNNING *vs.* BANK OF AUBURN.

THE FARMERS & MANUFACTURERS' BANK *vs.* TRACY and others.

Actions will be *consolidated*, although one suit was commenced before the cause of action accrued in the other.

So a consolidation will be ordered, unless it appear that the plaintiff will suffer great delay or other predjudice, if the order be made.

In a motion for consolidation, the defendant must show that the causes of action are such as may be joined in the same declaration; that the questions which will arise in both actions are substantially the same; and that no defence is intended, or that the defence will be substantially alike in both actions.

MOTIONS for consolidation. On these motions, several Sept. 1837. points of practice were settled, which will be sufficiently understood without any further statement of facts, than that contained in the opinion of the court.

*By the Court*, BRONSON, J. When the defendant moves to consolidate two or more actions between the same parties, he should show that the causes of action are such as may be joined in the same declaration, and that the questions which will arise in both of the actions, are substantially the same. The affidavit should state, either that no defence is intended, or that the defence will be substantially the same in both. If these matters are not controverted by the plaintiff, and it does not appear that he will suffer any great delay, or other prejudice, the motion will be granted. 2 R. S. 383, § 36. It will be granted, not only where both suits are brought at the same time, but where they are brought at different times; and it will not be a sufficient objection, that the second cause of action had not accrued at the time the first suit was commenced. *Brewster* v. *Stewart*, 3 Wendell, 441. *Oldershaw* v. *Tregwell*, 3 Carr. & Payne, 58. The plaintiff will be ordered to pay the costs of the motion, when both the actions were commenced at the same time, or under circumstances which evince a disposition to make the proceedings burthensome to the defendant. *Bank of U. S.* v. *Strong,* 9

Wendell, 451. In other cases, if the plaintiff, without reasonable grounds of objection, refuse on request to consolidate, he will be required to pay the costs of the motion.

In *Dunning* v. *The Bank of Auburn*, two actions by the same plaintiff have been brought against the defendants for the non-payment of their bills on demand. The first writ was served on the 28th, and the second on the 29th day of June ; but the first writ was delivered to the sheriff before the demand, on which the right of action accrued in the second action, was made. The plaintiff, therefore, is not in fault for having brought two actions. The suits, however, must be consolidated, but without costs.

In the case of *The Farmers & Manufacturers Bank* v. *Tracy and others*, two actions of assumpsit were brought at the same time against the same defendants. Each action is brought against Tracy and Armstrong as the makers, and Howland, as the endorser of a promissory note, pursuant to the act of 1832, p 489, and the act of 1835, p. 248. I do not perceive, either from the nature of the case or the papers submitted, that the plaintiffs will be likely to suffer any serious inconvenience from consolidating the actions : but as the question is a new one, and the plaintiffs' attorney has acted in good faith, no costs are allowed.

In neither of these cases are the defendants' papers strictly sufficient, within the rule above laid down, requiring the defendants to show that the question is the same in both actions. But as the practice has not been very definitely settled, and no objection is stated on the part of the plaintiffs, the difficulty has been overlooked.

Motion granted.