## ARMSTRONG v. ROBERTSON & BARNWELL.

1. Where a notice is given to a Sheriff, that a motion will be made for a judgment against him for the failure to return an execution, the motion must be made at the time appointed, or some other procceding must be had to keep alive the notice ; otherwise, it will be regarded as having spent its force.
2. Where a notice to a Sheriff, that a judgment will be moved for against him, is found in the transcript sent to the Supreme Court, if it has not been recognized by the judgment, or other entries of the inferior Court, it will be treated as a nullity.
3. *Semble*, although the record does not show that the defendant had notice, that a judgment would be moved for against him, yet, if he appears, the irregularity will be waived.
4. The thirty-sixth section of the act of 1807: "establishing Superior Courts, and declaring the powers of the territorial Judges," and the fifth section of the act of 1824, to regulate pleadings at Common law," are the only statutory provisions in this State in regard to the amendment of judgments. The latter act, which is more explicit, and is, doubtless, intended to confer addtional power on the primary Courts, authorises them " to amend any clerical error," &c., " where there is sufficient matter apparent upon the record to amend by." No amendment therefore, which is not authorised by the record is permissible.

In the transcript sent up in this cause, we find a paper addressed to the plaintiff in error, in which it is stated that the defendants recovered a judgment against Benjamin Lang in the Circuit Court of Mobile, on the 21st of April, 1826, for the sum of eleven hundred and sixty seven dollars and ninety cents, besides costs. The paper then proceeds to alledge, that a writ of *fieri facias*, duly issued on that judgment against the defendant, Lang, for the amount of the same, including costs, on the 29th of September, 1831, and was on the 15th of October, thereafter, placed in the hands of the plaintiff in error, as the Sheriff of Lowndes County. It is there stated, that the execution was not returned according to law ; and the plaintiff is informed, that the defendants in error, " will, on the fourth Monday after the fourth Monday in March instant, or so soon thereafter as the said Court will hear the motion, move the Circuit Court of Mobile County, for judgment against (him) you in due form of law for such (his) your failure to return the

said execution—when, and where, &c." This notice is not dated, but immediately following it in the transcript, a memorandum is written thus, " Served 23d March, 1833."

No proceedings appear to have been had on the notice. At the Spring term, 1836, an entry was made as followws :

| | |
|---|---|
| ROBERTSON & BARNWELL, v. F. ARMSTRONG. | Continued by the plaintiff for want of papers. |

At the fall term, 1836, a case entitled as above was entered on the minutes of the Court, " continued for want of papers."

The next entry found in the transcript was made at the Fall term, 1838, and is in these words :

| | |
|---|---|
| ROBERTSON & BARNWELL, Pl'ff s. v. FRANKLIN ROBINSON, Def 't. | Continued on affidavit of the defendant. |

At the Spring term, 1839, the following was made on the minutes of the Court.

| | |
|---|---|
| ROBERTSON & BARNWELL, Pl'ff s. v. F. ARMSTRONG, Def 't. | Continued by consent. |

At the Spring term, 1840, a judgment was rendered as follows :

WILLIAM H. ROBERTSON &
WILLIAM BARNWELL, Pl'ff s.
v.
FRANKLIN ARMSTRONG, Def 't.

" This day came the parties by their attornies, and it appearing to the satisfaction of the Court, that a writ of execution issued out of this Court, bearing test the 29th day of September, 1831, and returnable at the next term of this Court to be holden thereafter, in favor of Willliam H. Robertson and William Barnwell against Benjamin Lang, for the sum of eleven hundred and sixty seven dollars and ninety cents, with eleven dollars seventy-one and a half cents costs ; and it further appearing to the Court, that Franklin Robinson was at that time Sheriff of

the County of Lowndes in said State, and that said execution was directed to the said Sheriff, and placed in his hands to be executed on the 15th day of October, 1831 ; and it further appearing to the Court by evidence, that the said Sheriff has failed to return the said execution as the Statuate requires, or to give any sufficient excuse for the said default.    It is considered by the Court, that the plaintiff's recover of the defendant the amount of said execution with interest ; to wit : the sum of twenty-six hundred and ten dollars and seventy-six cents, together with the costs in this behalf expended."

· Afterwards, at the Fall term of the Court, 1840, an amended judgment was rendered as follows :

WILLIAM H. ROBERTSON &
WILLIAM BARNWELL
          v.            } Saturday, 5th December, 1840.
FRANKLIN ARMSRONG.

"" This day came the plaintiff's by Gordon, Campbell & Chandler, Eqrs., their attornies, and also came the defendant by Dunn & Lesesne, Esqrs., his attornies ; and the plaintiff's by their attornies moved the Court to correct the entry of judgment in thiscause, at Spring term, 1840, for a clerical error in reciting in the entry of judgment, the name of Franklin Robinson instead of Franklin Armstrong ; which motion being considered by the Court.    It is ordered by the Court that the motion of the plaintiff's be granted.

'Whereupon, it appearing to the satisfaction of the Court, that a writ of execution issued out of this Court being test the 29th day of September, 1831 ; and returnable at the next term of this Court to be holden thereafter, in favor of Wm. H. Robertson and Wm. Barnwell against Benjamin Lang for the sum of eleven hundred and sixty-seven dollars and ninety cents, with eleven and seventy-one and half one-hundredth dollars costs.    And it further appearing to the Court, that Franklin Armstrong was at that time Sheriff of the county of Lowndes in said State, and that said execution was directed to the said Sheriff, and placed in his hands to be executed on the fifteenth day of October, 1834 ; and it further appearing to the Court by

evidence, that the said Sheriff has failed to return the said execution as the Statute requires, or to give any sufficient excuse for the said default. It is considered by the Court that the plaintiffs recover of the defendant the sum of twenty-six hundred and ten dollars and seventy-six cents, together with their costs in this behalf expended, and interest on said debt from the 27th day of March, A. D. 1840."

To revise the original and amended judgments, a writ of error has been prosecuted to this Court, and the plaintiff here assigns for error. *First*, That he had no legal notice of the proceedings against him in the Circuit Court. *Second*, That the proceeding in the Circuit Court was discontinued. *Third*, That the Court erred in correcting the judgment *nunc pro tunc*.

DUNN, for the plaintiff in error.
CAMPBELL, for the defendant.

COLLIER, C. J.—The notice accompanying the transcript, though not dated, was doubtless issued previous to time of its service, and should have been proceeded on at the term then next succeeding. There is nothing in the record to show that the motion, indicated by it, was then made, or at any time thereafter ; and as the notice was not brought before the Court, at the term the defendant below was informed that a judgment would be moved for against him, it spent its force, and could not thereafter furnish a warrant for the exercise of jurisdiction." Broughton et. al. v. The State Bank, 6 Porter's Rep. 48 ; Lyon v. The Bank, 1 Stewt Rep. 442.

Again : the notice sent up with the transcript, does not authorise us to consider it as a part of the record for any purpose. It is not recognized either by the judgment, or previous entries, and must therefore, be regarded as a mere nullity not entitled to any consideration. Lyon v. The State Bank, 1 Stewt Rep. 4 42; Curry v. The Bank of Mobile, 8 Porter's 372; Bates v The Planters' & Merchants' Bank, 8 Porter's Rep. 99.

The notice then, being out of the way, the proceedings certified in the transcript, previous to the Spring Term of the Circuit Court, 1840, are the statement of a case between the plain-

tiffs below and the defendant, at the Spring and Fall Terms, 1836, "continued for want of papers," and at the Spring Term, 1839, "continued by consent." At the Fall Term, 1838, a case is stated between the plaintiffs below, and Franklin Robinson, "continued on the defendants affidavit." At the time the first judgment was rendered, so far as we are informed by the record, there was no cause pending in Court, and but for the appearance of the defendant, that judgment would have been wholly unauthorized, for the want of a notice. And though the appearance of the parties, and a submission to a decision by the Court, may have authorized the procedure, yet, it is clear, that the judgment is, in itself, erroneous. Taking every fact recited in it as true, yet it does not shew a liability on the part of the plaintiffs—it affirms, that Franklin Robinson was sheriff of Lowndes County, and, as such, was guilty of the default, for not returning the execution, for which it charges the plaintiff.

The irregularity of the first judgment is conceded by the defendants in error, but it is insisted, that it is removed, by the amended judgment, subsequently rendered. In considering this argument, we must inquire into the power of Courts to allow amendments of their judgments. At the common law judgments were amendable, during the term at which they were pronounced, (and not after) because they were regarded as rolls of that term, and so in the breast of the Court, during its continuance, subject to be altered or set aside. [1 Bac. Ab. 145; Commonwealth v. Cawood, 2. Virg. cases, 527; Hall v. Williams, 1 Fairf Rep. 278; State v. Calhoun, 1 Dev. & Bat. Rep. 374; Freeland v. Field, 5 Call. Rep. 12.] And anciently the same strictness prevailed in regard to all the proceedings in a cause; afterwards a more liberal practice was introduced, and amendments were allowed at any time, pending the suit, and until final judgment was entered and enrolled. [Smith v. Jackson, 1 Paine's Rep. 486.] But as the Courts at the common law proceeded with great caution in permitting amendments, rarely going beyond matters of form, and then only where there was something in the record, by which to amend, the purposes of justice required that the liberty should be extended; and it has accordingly been done, both in Great

Britain and this country, by statutes enacted from time to time upon the subject.

The only statutory provisions which we have in regard to the amendments of judgment by the Circuit or County Courts, are the thirty-sixth section of the act of 1807, " establishing superior Courts, and declaring the powers of the territorial judges," and the fifth section of the act, of 1824, " to regulate pleadings at common law," which are as follows " no summons, writ, declaration, return, process, judgment, or other proceedings, in any of the Courts of this territory, shall be abated, arrested, quashed, or reversed, for any defect, or want of form; but the said Courts respectively, shall proceed and give judgment, according as the right of the cause and matter in law shall appear unto them, without regarding any imperfections, defects or want of form, in such writ, declaration, or other pleading, return, process, judgment or cause of proceeding whatsoever, except those only in case of demurrer, which the party demurring, shall specially set down and express, together with the demurrer, as the cause thereof; and the said courts respectively, shall and may, by virtue of this act, from time to time amend all and every such imperfection, defect, and want of form (other than those which the party demurring shall express as aforesaid) or any mistake in the christian name or surname of either party, sum of money, quantity of merchandize, day, month, or year, in the declaration or pleading, the name, sum or quantity, or time, being right in any part of the record or proceeding." &c.

Again : " The Circuit and County Courts respectively, shall and may at any time within three years after final judgment, upon the application of either party, amend any clerical error, or misprision, in calculation of interest, or other mistake of a clerk, where there is sufficient matter apparent upon the record to amend by; and no cause shall be reversed for any such error or defect, by the Supreme Court, unless the Court of original jurisdiction, where the same was determined, shall, upon application, refuse the amendment." [Aik. Dig. 265. 6.]

The act of 1807, declares that judgment shall not be reversible for " any defect or want of form," but such judgment shall be rendered " as the right of the cause and matter in law"

16

shall require, "without regarding any imperfections," &c. This statute authorises the process and pleading to be amended, but says nothing in regard to the amendments of judgments; but this, as we have seen, is provided for by the act of 1824.

The latter act authorises "the Circuit and County Court respectively," to "amend any clerical error," "where there is sufficient matter apparent upon the record to amend by." In the case before us, without admitting that the mistake in the first judgment was a "clerical error" it has been already shewn, that there is nothing in the record, by which it could have been amended. The notice sent up, we have seen, is no part of the record, and none of the entries transcribed from the minutes of the Court characterize the plaintiff as a sheriff. The amendment then, was unauthorized; and such has been the construction of a similar statute in other states. [Waldo v. Spencer, 4 Conn. Rep. 71; Atkins v. Sawyer, 1 Pick. Rep. 351; Speed y. Hawn, 1 Mour. Rep. 19; People v. McDonald, 1 Cow. Rep. 189.

The judgment of the Circuit Court is reversed, and, as the *present case* cannot be further proceeded in, the cause will not be remanded.