Hoffman, J.
Tbe order appealed from in this case, directed, on tbe application of tbe plaintiff, that tbe two actions be consolidated into one, to be prosecuted and defended as such, and that tbe recovery to be bad, and tbe judgment to be entered, in such consolidated action, stand as a recovery and judgment in botb such actions respectively, upon certain conditions imposed upon tbe plaintiffs and afterwards noticed.
Section 88 of tbe article of consolidation, contained in tbe Revised Statutes, provides, that when several suits shall be commenced against joint and several debtors in tbe same court, tbe plaintiff may, in any stage of proceedings, consolidate them into one action, (2 Rev. Stats. 883.) Tbe references by tbe revisors *665 to 1 Revised Laws of 1813, would seem to warrant tbe construction of tbe section to be tbis, that where a plaintiff bad instituted different suits against different obligors, or other parties jointly and severally bable, be could bring all into one action at any stage of tbe action, or could have joined them originally, although be was not obbged to do so. Section 36 of tbe above article gives tbe court a discretion to consolidate actions of tbis nature. It is obvious, therefore, that by tbe letter of tbe statute such a motion as tbe present may be made as web by tbe plaintiff as the defendant. Tbis doctrine has been recognized in several of tbe states.
Tbe consohdation rule, as it was known in tbe older cases in our courts, related to a different proceeding. It was to stay proceedings in several actions against different defendants until tbe determination of one of them, when tbe grounds of suit and defence were tbe same. Tbis practice principahy prevailed in insurance cases, where there were several underwriters in a pohcy, but traces of tbe principle of consolidation are apparent in our courts before tbe statute, and tbe case of Thompson v. Sheppard (9 Johns. 262) seems to have suggested tbe language of tbe act.
We are satisfied, therefore, that there is no reason for restricting tbe construction of tbe statute to motions by tbe defendant. Tbe expediency and justice of many cases warrant its apphcation to plaintiffs also, which it plainly permits.
Tbe order at Special Term will be affirmed, with tbe modification that tbe plaintiff must pay tbe costs of tbe first action down to the order, with $10 costs of tbe motion. No costs of tbe appeal to be allowed to either party.
Duer, J.
That tbe defendant can sustain any prejudice from tbe consohdation of tbe suits against him, has not been pretended, and tbe only question, therefore, is, whether tbe motion can properly be granted upon tbe application of tbe plaintiff. That we ought to grant it, if we have tbe power, we do not at ah doubt.
It cannot be denied, that tbe language of tbe Judges in some of tbe cases to which we were referred, favors tbe inference, that, in their opinion, tbe apphcation, in cases like tbe present, can only be made by a defendant, (19 Wend. 23 ; 4 Hill 46,) but we are persuaded that such was not and could not have been tbe *666 meaning of tbe learned Judges. We are persuaded that they only meant to say, that, according to the usual practice, the application is made by the defendant, not that it is required so to be made by the provisions of the statute.
The question, therefore, that has now been raised, turns entirely upon the true construction of those provisions in the Revised Statutes that relate to the consolidation of causes, (2 R. S. on p. 883,) and is unaffected by any prior decision.
The statutory provisions, it seems to us, are free even from a shade of ambiguity. They relate to two different classes of action; the first, where the suits to be consolidated are between the same parties, but the causes of action although capable of being united, are in themselves distinct. The second, where there are separate suits against several defendants, who are jointly and severally liable upon the same instrument or contract; that is, where in each suit the defendant is a different person, but in all the cause of action' is the same. It is to the first class of actions that section 36 of the statute exclusively relates, which declares, that “the court in which the several suits are prosecuted, may, in its discretion, if it shall appear expedient, consolidate them into one action;” and it is the seeond class that section 38 alone embraces, which declares, that “the plaintiff may consolidate the several suits in any stage of the proceedings.”
The distinctions between these sections and the reasons upon which the distinctions are founded, are manifest. When there is a joint cause of action and a joint defence, although the defendants are different, it would seem that there ean be no just reason' for opposing or denying a consolidation. Hence, in these cases, there is no appeal to the discretion of the court, but the power of consolidation is given to the plaintiff as a positive right. But when, although the parties are the same, the causes of action in several suits are separate and distinct, and, it may be, wholly unconnected, their consolidation into one action, and the consequent necessity of examining and determining all upon one trial, would, in many cases, be a source not only of great inconvenience and embarrassment, but of probable injustice, and hence the statute, with great propriety, requires that the application in all such cases should be addressed to the discretion of the court, and only be granted, when, to the court, it appears expedient.
*667 It is to this last class of cases, tbat wbicb is now before ns belongs ; and tbe argument of tbe counsel for tbe defendant, so far as it was founded on tbe words of tbe statute, and as we understood it, is briefly this: tbat as tbe plaintiff is expressly mentioned in section 38, be is virtually excluded in section 36, and tbat as it was tbe intention of tbe legislature tbat tbe plaintiff should be tbe sole actor under tbe section first named, it was equally its intention tbat tbe defendant should be tbe sole actor under tbe second. We have none of us been able to see tbat there is any ground whatever for attributing this intention to tbe legislature. Section 36 is wholly silent as to tbe party by whom an application under its provisions is to be made, and no reason has been, nor as we think can be, given, why tbe exercise by tbe court of its discretionary powers, may not, with as much propriety, be invoked by tbe one party as by the other. We have no right, we apprehend, to limit tbe discretion of tbe court by imposing a restriction upon its exercise, tbat neither tbe words of tbe statute, nor any reasons of justice or expediency suggest.
Indeed, there are cases, and tbe present is one of them, in wbicb tbe motion to consolidate can only with propriety be granted when it is made on behalf of tbe plaintiff. When tbe debt for wbicb a second action, by tbe same plaintiff, against tbe same defendant,, is brought, was not due when tbe first action, was commenced, it has been held, tbat as tbe effect of a consolidation would be to delay tbe plaintiff’s recovery in tbe first action, tbe motion, when opposed by him, must be denied, (Pierce v. Lyon, 3 Hill 450.) It is evident, tbat if tbe application in such a ease is made by tbe plaintiff, tbe same objection does not lie in tbe mouth of the defendant. He can have no right to complain of a delay wbicb affects only tbe plaintiff, and to wbicb the plaintiff is willing to submit.
Tbe order appealed from, modified as my brother Hoffman has stated, must be affirmed.