DUNHAM vs. ROBERTS, ADM'R, &C.

[MOTION TO AMEND RECORD NUNC PRO TUNC.]

1. *Amendment of record on allegation of fraud.*—The general rule, which requires
some matter of record, entry, or memorandum in the handwriting
of the judge, to authorize an amendment of the record *nunc pro tunc*,
does not apply to cases in which the entry is impeached for fraud; and
though these cases generally arise collaterally, yet an entry relating to a
grant of letters of administration may be amended on a direct application,
of which the opposite party must have notice, setting forth the fraud specifi-
cally, and making the necessary proof.

2. *Allegation of fraud must be specific.*—If the motion simply states, as the ground
for the amendment asked, that the record states a fact which was not
proved, that as it stands it operates a fraud on the rights of the plaintiff in
the motion, and that it is void in law, on account of fraud in a legal sense,
the allegation is not sufficiently specific to authorize the introduction of
parol evidence to prove that the fact recited was not true.

APPEAL from the Court of Probate of Pickens.

On the 13th. March, 1854, letters of administration on the
estate of William C. Dunham, deceased, were granted by said
probate court to Alexander B. Clitherall and Andrew J.
Roberts; and the order appointing them recites, "It being
made known to the court by said Alex. B. Clitherall, special
attorney for Melissa C. Dunham, that the said Melissa, the
widow of the said deceased, relinquishes to the said appli-
cants her claim of the said administration, and no person else
objecting thereto, it is ordered", &c. At the May term,
1854, as appears from the bill of exceptions, the following
motion was made:

"This day, in open court, comes the said Melissa C. Dun-
ham, widow of said William C. Dunham, by attorney, and
moves the court to amend and make up the record in this
cause, *nunc pro tunc*, to correspond with the facts, 1st, because
the record was not made up within ten days from granting
the letters of administration; 2dly, because the record was
made up after the ten days from granting letters of adminis-
tration, and does not recite the facts in this : the judge, who

made up the record in the said cause, made the record recite that the said Melissa C. Dunham, by her special attorney, Alex. B. Clitherall, renounced her right to administer on said estate, when in fact said Melissa C. Dunham avers that she never did renounce her right to administer, and that said attorney in fact did not so state or renounce in her behalf, and that said record, as it now stands, is a fraud on the rights of said Melissa C. Dunham; 3dly, and for that she, the said widow, had no opportunity to appeal,—all of which facts she, the said Melissa C. Dunham, is here now ready and willing to substantiate by legal evidence; 4thly, because said record was not made up at *time* (?) by agreement of parties that it should embrace the facts, when in fact the said record does not show the facts, as the said Melissa C. Dunham is ready to prove; 5thly, that said record is no record, and void in law, on account of fraud in a legal sense on the rights of said Melissa C. Dunham."

On the hearing of the motion, Mrs. Dunham offered several witnesses " to prove the facts set forth in said motion, and that the causes set forth therein are true"; but the court held " that it was not competent to prove the facts set forth in said motion by oral testimony, and thereupon overruled said motion." The plaintiff excepted to this ruling of the court, and she now assigns it as error.

WATTS, JUDGE & JACKSON, for the appellant, assigned errors, and submitted a brief by C. R. CRUSOE, who insisted that, the motion being predicated on an allegation of fraud, parol evidence was competent to establish the facts; citing the following cases : Paysant v. Ware & Barringer, 1 Ala. 166; Mead v. Steger, 5 Porter, 498; Franchot v. Leach, 5 Cowen, 508; Dorr v. Munsell, 13 Johns. 431; Commonwealth v. Bullard, 9 Mass. 270; Chitty on Contracts, 527; 1 Green. Ev. § 284; 2 Starkie, 340; Corbin v. Sistrunk, 19 Ala. 206; Morton v. Chandler, 8 Greenl. 9.

TURNER REAVIS, *contra*, contended that parol evidence was not sufficient to authorize an amendment of the record; and cited Saltmarsh v. Bird, 19 Ala. 665; Benford v. Daniels, 13 *ib.* 667; Bondurant v. Thompson, 15 *ib.* 202.

GOLDTHWAITE, C. J.—This was a motion, made by the appellant, to amend the record of the probate court, as made in an application for the grant of letters of administration, so as to correspond with the facts.

The motion was made at a subsequent term of the court, and was endeavored to be sustained entirely by parol evidence. The general rule unquestionably is, that, to sustain a motion of this character, there must be some matter of record, entry, or memorandum of the judge to amend by.— Thompson v. Miller, 2 Stew. 470; Armstrong v. Robinson, 2 Ala. 164; Benford v. Daniels, 13 Ala. 667; Bondurant v. Thompson, 15 Ala. 202.

It is urged, however, on the part of the appellants, that this rule does not apply in cases where the entry complained of was fraudulently made; and it is unquestionably true, that a record may be impeached on that ground (Fermon's case, 3 Co. 78 b) by any one who is neither a party nor a privy to it.—Cow. & Hill's Notes to Ph. Ev. 854, 855. In most cases, this is done collaterally; but this mode would not be be effectual, as regards grants of administration. There it would be necessary to resort to a direct proceeding in order to vacate the judgment; and, in all such cases, we think that, by virtue of the powers which courts possess over their records and officers, this may be done on application and notice to the other party, setting forth the fraud specifically, and making the necessary proof.

In the present case, however, the motion does not set forth the fraud with any precision, but states simply, as one ground for the amendment, that the record shows a fact that was not proved, and that "the record, as it stands, operates as a fraud" on the rights of the appellant; and, in another part, it alleges that "the record is void, in law, on account of fraud, in a legal sense," upon her rights. We do "not think the allegation of fraud is sufficiently specific; and without this, the averment that a fact was recited in the record, which was not proved, would not warrant the introduction of parol evidence to show that such was the case, without violating a well settled principle as to the verity and conclusiveness of records.

There is no error in the record, and the judgment is affirmed.