## CURTIS *v.* BALDWIN.

It is not the practice in this state to consolidate actions between the same parties, brought at the same term, but to so limit the costs in cases where several actions between the same parties might have been joined in one, as to do justice and prevent oppression by any unnecessary accumulation of costs.

It is a good ground for a plea in abatement by the defendant, that another party, who is set forth in the writ as a co-defendant, but has not been served with process, was jointly liable with the defendant on the contract in suit, and was within the jurisdiction, so that he might have been served with process.

And the defendant can take advantage of such want of service upon the co-obligor in no other way than by a plea in abatement.

ASSUMPSIT upon joint and several promissory notes, signed by the Union Stove Company, principal, and the four defendants, with three other persons, as sureties. The writs in the two actions were made out at the same time, by the same attorney, the notes declared on being due and in the hands of said attorney for collection. The notes were given at one and the same time to the plaintiffs, in payment of a debt due from the Union Stove Company, and were signed by the same parties. The declaration in each case alleges the note declared on to be signed by the company and the said seven sureties, and all the signers are named as defendants in each writ, and the Union Stove Company is alleged to be a corporation, established by the laws of this state, and is in fact established and doing business in Nashua, in this county. The writs were served on the four sureties, who appear and answer to the actions, but was not served on the three other sureties, they being returned by the officer serving the writs as not being found in his precinct, nor on the Union Stove Company, and nothing is stated in the return of the officer in reference to said Stove Company. At the term of the

Curtis *v.* Baldwin.

court next succeeding that at which the actions were entered, the plaintiffs' attorney caused an entry to be made on the clerk's docket in each action, as follows: "Discontinued as to the Union Stove Company: Sessions, Frost and Wilson:" they being the three sureties upon whom no service was made. The four sureties upon whom service was made answered to the actions, and pleaded the general issue.

At the trial of the first of said actions the said 'four defendants moved the court that the said two actions be consolidated, and that a trial and subsequent proceedings be had of the two actions, as one suit upon the two notes, which motion was denied by the court. The plaintiffs offered in evidence the note described in said declaration, to which the defendants objected, but it was admitted. The defendants contended that the plaintiffs were not entitled to a verdict against the four defendants, upon the foregoing case; but the court ruled otherwise, and thereupon a verdict being taken for the plaintiffs, by consent, the defendants moved that the same be set aside, and for a new trial; and the questions arising upon the case were reserved.

*G. Y. Sawyer*, for the defendants.

1. The court have the power to consolidate the two actions and treat them as one upon their records, and this is precisely the case for its exercise. The provisions of the Revised Statutes (ch. 191, sec. 3) do not furnish all the relief to which the defendants are entitled. They should be protected against the expense of separate trials and two judgments and executions.

2. There is a material distinction between this case and that of *Merrill* v. *Coggill*, 12 N. H. 97. The principal in this case, the Union Stove Company, is a corporation under the laws of the state, and there can be no ground here, like change of residence or death of the party, as in

---
Curtis *v.* Baldwin.
---

the case of an individual, for omitting to make service on them.

*Lull*, for the plaintiffs.

Sargent, J.   It has long been the practice in the court of king's bench in England for the court to consolidate actions, where two or more have been brought between the same parties at the same time, where the causes of action might be compressed in the same declaration. *Cecil* v. *Briggs*, 2 T. R. 639; *Oldershaw* v. *Tregwell*, 3 C. & P. 58; *Boothe* v. *Payne*, 1 Dowl. (N. S.) 348; *Anderson* v. *Twogood*, 1 Ad. & E. (N. S.) 245; *Doyle* v. *Douglas*, 4 B. & Ald. 544.

The same practice prevailed in New-York to some extent as early as 1812 and before.   *Thompson* v. *Shepard*, 9 Johns. 262.   And in 1818 a statute was passed in that state by which the courts were authorized in suits between the same parties, for causes of action which by law might be joined, to order the several suits to be consolidated into one action, if in their discretion it should seem meet and proper to do so; *Brewster* v. *Stewart*, 3 Wend. 441; and the same provision was reënacted in their Revised Statutes (vol. 2; 383, sec. 36).   The object of this law, as stated by *Savage*, C. J., in the case last cited, was "to prevent oppression by the unnecessary accumulation of costs."

Under this statute many cases of consolidation of actions are found in that state.   *The People* v. *McDonald*, 1 Cow. 189; *Jackson* v. *Stiles*, 5 Cow. 282; *Brewster* v. *Stewart*, 3 Wend. 441; *Bank* v. *Strong*, 9 Wend. 451; *Bank* v. *Tracy*, 19 Wend. 23; *Wilkinson* v. *Johnson*, 4 Hill 46; *Dunn* v. *Mason*, 7 Hill 154.

But under their practice, where a defendant moves to have two or more suits against him consolidated, he must show by affidavit not only that the causes of action are such as may be joined in the same declaration, but also

that the questions that will arise in both actions are substantially the same. The affidavit should state either that no defense is intended in either, or that the defense will be substantially the same in all the suits. *Bank* v. *Tracy*, 19 Wend. 23. In the case before us it does not appear that any such evidence was laid before the court by the defendants upon their motion to consolidate.

In Massachusetts we find no case of consolidation, but as early as 1784 it was enacted in that state, " that where a plaintiff shall, at the same court, bring diverse actions upon demands which might have been joined in one, he shall recover no more costs than in one action only." In this way they have in that state prevented oppression by the unnecessary accumulation of costs. *Stafford* v. *Gold*, 9 Pick. 532. It was held there, however, that the provisions of the statute did not apply to several actions on a joint and several promise. *Simonds* v. *Centre*, 6 Mass. 18.

In this state we have followed the practice in Massachusetts, with some variations, and have limited the costs where equity required, instead of consolidating different actions into one. We find nothing said of the latter practice in our statute books or reports. But in 1819 the several courts of this state were authorized by statute, in all actions triable before them, " to limit and allow such bills of costs as law and justice shall require." And it was also provided " that where several judgments are rendered on the same contract, bond or note, against the several signers at the same term of the court, the justices of said court may allow such or so many of said bills of costs as shall be thought just and equitable. " N. H. Laws (1830) 324.

These provisions are incorporated into our Revised Statutes with some modifications. Rev. Stat., ch. 191, secs. 3 & 7. Section 3 is as follows: " Where a plaintiff shall at the same term bring diverse actions against the same party, which might have been joined, or shall bring more

than one action upon a joint and several contract, the court may allow such and so many bills of cost as they may deem equitable." This provision would seem to give the courts ample power to do justice between the parties, without resorting to the practice of consolidation of suits.

Upon the facts stated it seems that these cases might afford an instance where the discretion of the court might be properly exercised in limiting the costs, upon motion, wherever the plaintiff shall be in a position to take judgment in both actions. But according to our practice the motion to consolidate was properly denied.

The note which was offered in evidence was properly admitted. It was precisely the one described in the declaration. It would seem probable that the Union Stove Company should have been joined with the other defendants, not only in the declaration but by service of the writ upon said company, so as to make them a co-defendant with those now in court. But if the defendant desired to avail himself of that objection, he could have pleaded the non-joinder in abatement. In *Merrill* v. *Coggill*, 12 N. H. 104, *Parker*, C. J., says, there seems to be no good reason why a plea in abatement, for an omission to summon one named in the declaration, who might have been summoned, is not a good plea.

Upon such a plea, namely, that the Union Stove Company were jointly liable, and were within the jurisdiction of the court, so that process might have been served upon them, an issue might have been framed on that plea, and the question decided whether the plaintiff should have proceeded against the company or not; or the plaintiff might have moved for leave to summon in said company, and thus make them a party to the litigation, by analogy to the practice of amending the declaration, by joining a new party, where a plea in abatement is interposed, founded upon the non-joinder of such party in the declaration. And it would seem to be well settled in this

state, that such want of service upon a co-obligor, who is named in the declaration, even where he is there described as living in the jurisdiction, can only be taken advantage of by a plea in abatement.

It is the general rule that the non-joinder of a co-obligor, as defendant in the declaration, can only be taken advantage of by a plea in abatement; yet there is one exception stated in the books to this rule, where it expressly appears on the face of the declaration, or some other pleading of the plaintiff, that the party omitted is still living, as well as that he jointly contracted; in which case, it is said, the defendant may demur, or move in arrest of judgment, or sustain a writ of error. 1 Ch. Pl. 46; 1 Saund. Pl. & Ev. 14, and authorities cited. But, by modern decisions, this exception to the general rule has been very much narrowed down and modified. See *Merrill v. Coggill, ante,* and cases there cited. So that, in this state, the general rule above stated may be said, perhaps, substantially and practically, to be without exception. But however it may be in that case, it is clearly so upon the authorities, in a case like the one before us.

It is said in *Merrill* v. *Coggill* that no authorities are found which have a direct reference to the mode in which a defendant may take advantage of an omission to make a service upon a co-defendant named in a writ predicated upon an alleged joint contract; and after considering that question fully, the conclusion arrived at (as stated 12 N. H. 105), is as follows: " We are of opinion, therefore, that if Fletcher (the person named in the writ as a joint contractor, and described as living in the state, but on whom process had not been served) was liable, and within the jurisdiction, so that he might have been served, the plaintiff (who was the original defendant) should have pleaded it in abatement."

The same question is decided in the same way in *Burt* v. *Stevens,* 22 N. H. 233, and in *Merrill & Fuller* v. *Elliott,*

there cited. These cases would seem to be entirely decisive of the question we are considering.

There must, therefore, be

*Judgment on the verdict in both cases.*