- OPINION of the Court, by
Judge Owsxey.
M’Key brought a petition and summons against Moore, to re-coyer the amount of an obligation which from the copy in the petition purports to bear interest from the date in 1806; and upon calling the suit, for trial, Moore, as appears from the entry in the minute book, confessed judgment per specialty, but in entering the judgment upon the order book the interest is not made to commence until 1810. At a subsequent term to that wherein judgment was entered, M’Key moved the court to correct the judgment so as to accord with the minutes, by mak- *322 fog the intercut commence from the date of the oldiga-N-m i b;11 the court supposing they had no power to al-such an amendment, overruled the motion, and M’Key having excepted to that opinion, has brought the case before this court by writ of error.
The great difficulty that often occurs in determining between what properly speaking are clerical misprisions and the .judgment of a court, frequently produces much perplexity in deciding whether amendments are or are n,ot allowable. But whenever the error complained of is ascertained to consist in the misprision of tlie clerk, and not in the judgment.of the court, and there exists any thing in the record by which it can be corrected, according to a current of decisions both in this country and England, the amendment should be made.
In the present case there certainly exists enough in the record to amend by, and as we suppose the error to be merely a clerical misprision, the court below should have permitted the amendment.
The judgment must therefore be reversed with costs, the cause remanded and the amendment made.