Wilde J.
This is a case in equity, in which the plaintiffs, as heirs of David Spear, claim the right of redeeming an undivided sixth part of a certain parcel of land and wharf, and the flats and docks thereto belonging and appertaining, with certain exceptions, however, as expressed in the bill. The property in question was mortgaged by Spear to the defendant, on the 28th of January, 1814, for the sum of 4000 dollars, payable in four years from the date of the deed, with interest to be paid annually. At the same time a note of hand was given of the same amount, and payable in like manner. After the death of the mortgagor, an action was commenced by the present defendant, for the purpose of foreclosing the mortgage, against the children and heirs of the mortgagor, in which action judgment for possession was recovered on the fourth Tuesday of November, 1818, and on the 17th of April next following, possession of the premises was delivered to the mortgagee by virtue of a writ of habere facias possessionem. The bill further alleges, that the defendant has retained possession of the premises ever since the 17th of April, 1819, and has received the rents and_ profits, which the plaintiffs aver amount to more than sufficient to pay and satisfy all sums due by virtue of the mortgage and judgment, and all necessary repairs ; and that the plaintiffs on the 15th of April, 1822, demanded of the defendant to deliver the possession of the premises and to execute a deed of release, and that he refused so to do.
It is also alleged in the bill, that a demand was made by the *360 complainants, on the same 15th day of April, on the defendant, to state his account of the sum due on the mortgage and judgment, and of the rents and profits of the mortgaged premises, in order that they might redeem them, and that the defendant refused to render such account. They therefore pray that the defendant may be required to render such account, and that, upon their producing and lodging in court whatever sum may be found due on a just computation, which they offer to bring into court as the Court shall direct, they may be let in to the redemption of the mortgaged premises.
The defendant pleads, that at the term of this Court, holder on the fourth Tuesday of November, 1818, he recovered judgment against Atkins, the administrator of Spear, for the sum of 4241 dollars, 33 cents, damage, and 50 dollars, 49 cents, costs. It was admitted by the defendant’s counsel, on the argument, that this judgment was founded on the note of hand for 4000 dollars secured by the mortgage. This fact ought to appear in the pleadings, and it is understood that they are to be amended accordingly. The plea then avers that execution was sued out on this last mentioned judgment in due form of law, and was delivered to a deputy sheriff; who, on the 24th of May, 1819, by force thereof, sold according to law all the right in equity of redemption of Atkins, in his capacity of administrator of the goods and chattels of Spear, in and to the mortgaged premises, to the defendant for the sum of 4499 dollars, 25 cents ; that possession of the premises was delivered to him by the deputy, sheriff, who. at the same time executed and delivered a good and sufficient deed thereof, according to the statute in such case made and provided. The defendant further avers, that from the time of his purchase of the right in equity of redeeming the premises to the time of the demand mentioned in the bill, a longer period of time than one year had elapsed, viz. two years and ten months ;—and so prays judgment if he ought to be compelled to make any further answer to the bill.
To this plea the plaintiffs demur ; and the question is, whether, according to the true construction of the several statutes respecting mortgages and the sale of equities of redemption, this plea ought to be allowed.
*361 Several objections have been made to it. First, it is objected that the judgment on which the equity was sold is wrong ; that it should have been against the goods and estate of the intestate, and not against the administrator ; and the case of Hardy v. Call, 16 Mass. Rep. 530, is cited in sup port of this objection.[1] There can be no doubt, we think, that this is a defect in the defendant’s title which would be decisive, if the judgment could not now be amended. But it is a well settled rule, that any mistake arising from the misprision of the clerk may be amended and set right by another part of the record. The mistake here is plainly of this description, and if the case depended on this exception, we should on motion allow the judgment to be amended.
So also as to the return of the officer on the execution; that might be now amended if it were necessary. We, however, are inclined to think that it is well enough as it is. The objection made to it was, that notice to the administrator was not sufficient, and that it ought to have been given to .the heirs. The statute requires that notice should be given to the debtor, and to the debtor only. After the death his administrator is his proper representative. In the present instance the administrator was a party in the suit, and, if he had assets, was bound to redeem.
The next objection to be considered depends on the construction of the statute of 1815, c. 137. The plaintiffs’ counsel contends that this case comes within the last clause of the first section of the act;—which provides, “that in case the purchaser of any right in equity shall have satisfied and paid the mortgagee, his heirs or assigns, the sum due on the mortgage, the mortgagor shall have the right to redeem such mortgaged estate of such purchaser or any under him, at the time and in the way and manner he might have redeemed the same of the mortgagee, had no such sale been made ; and at such *362 time only ; ”—and that, as the debt due on the mortgage was paid or extinguished by the sale of the equity, the mortgagor’s right to redeem was not limited to a year, but remained unaltered by the sale. This objection, we apprehend, is founded on a mistaken construction of the statute ; it supposes that the mortgagor is allowed the same time to redeem the right in equity as is allowed for redeeming the mortgaged estate. But the act of 1815 repealed the provision of the former statute, on which the mortgagor’s right to redeem depended, atid suhsti tuted a new provision, limiting the mortgagor’s right to redeem the right in equity to the term of one year from the time of the sale thereof on execution, and allowing him to redeem the mortgaged estate from the purchaser, who might have paid off the mortgage, at the time and in the same way and manner that he might have redeemed the same oí the mortgagee, had no such sale been made. The obvious construction of the statute seems to allow the mortgagor in all events a year to redeem the right in equity. This would not be secured to him by the construction contended for by the plaintiffs’ counsel; for suppose the right in equity were sold the very day before the expiration of the time allowed to redeem the mortgage, and that the purchaser immediately pays off the mortgage ; then it is clear, by the construction supposed, that the mortgagor must raise the money not only to pay the debt secured by the mortgage, but the debt also secured by the sale of the equity, in a single day, or lose his estate. This could never have been the meaning of the legislature, and we cannot admit a construction so unreasonable, and which might sometimes operate so unfavorably to the mortgagor, though it might generally operate in his favor, as it would in the present case. The true meaning of the statute appears to be, that the right in equity sold on execution must be redeemed within the year, by paying to the purchaser the amount which may have been satisfied on the execution by such sale, leaving the debt secured by the mortgage on the footing upon which it stood previously to the sale.
These objections being held unavailing, one more remains for consideration, which, although of great weight, is not altogether free from difficulties. The objection is, that the sale oi the equity, not being a sale intended to be provided for by the *363 statute of 1798, c. 77, nor by the additional act of 1815, is wholly void. This objection rests on the peculiar properties of estates in mortgage and of rights in equity, and the several statutes regulating these estates and rights. It raises the general question, whether a mortgagee can by law cause a sale to be made of the equity of redemption for the purpose of paying or extinguishing the debt secured by the mortgage. I state the question with this restriction, because no one can doubt that the mortgagee, if he holds a demand against the mortgagor independent of the mortgage, has the same right that other creditors have to secure it by the attachment and sale of the equity.[1]
In maintaining the affirmative of the question, we meet with many difficulties not easily to be overcome.
In the first place, it is difficult to determine, in case the sale be held valid, by what title the mortgagee holds the estate after purchasing the equity. The debt being paid by the sale of the equity, he has no right to hold against the mortgagor in the character of mortgagee ; for although the legal estate remains in him notwithstanding (he payment of the debt, yet after such payment he is bound to restore the possession to the mortgagor, or the latter will be entitled to his bill in equity. It would seem, then, that the mortgagee in such case must hold, if he can hold at all, by virtue of the sale of the equity ; but this equity is a right to redeem, and what estate remains for him to redeem after the payment of the mortgage ? There can be no further payment, and nothing is to be done by him to complete his title ; if, therefore, he holds any thing by virtue of the sale, he would seem to hold the estate itself instead of a right in equity to redeem ; which cannot be pretended. This may appear to be a technical difficulty, but it shows that the novel mode of procedure, for which the defendant’s counsel contends, necessarily leads to great inconsistency.
There is another difficulty, however, of much greater importance, and which appears to me insuperable. If the sale of the equity oe opeiative, its operation will be repugnant to the statute regulating the foreclosure of mortgages ; it enables the mortgagee at his will and pleasure to reduce the mortgagor’s *364 right of redemption from three years to one ; thus depriving him of an important right secured to him by the express words of the statute, which in all cases allows the mortgagor to redeem the mortgage at any time within three years after entry for condition broken. This is the necessary effect of the principle contended for by the defendant, and it is the only possible advantage the mortgagee can derive from a sale of the equity. He has before, the sale the whole legal estate, and he holds it as security for the same sum before and after the sale, except the costs unnecessarily incurred in the suit on the personal security. This being the effect of the sale of the equity by the mortgagee, it cannot be supported, unless it can be maintained that the statute of 1815 repealed the law respecting the right of redeeming the mortgaged estate, which there is no pretence for saying.
The principal objection to the doctrine now laid down, is, that if a stranger becomes the purchaser of the equity, without notice that it is sold to satisfy a judgment founded on the debt secured by the mortgage, he may suffer loss. But the same objection may be made in all cases of sale where there is a defective title. The answer in all such cases is caveat emptor. He may examine the title, or demand a warranty. If he neglects to do it, he cannot impute his' loss to any defect in the law. This objection, therefore, cannot prevail ; nor can we on any ground decide in favor of the right, claimed by the defendant, without materially impairing the rights of mortgagors, and disregarding a most important provision made for their relief and benefit, which most certainly the statute of 1815 was not intended to take away.[1]

Plea in bar overruled.

 Hickman and Westbrook, Bac. Abr. Executors, &c., P. 4 Tidd’s Pr. (4th ed ) 997 and Append. 429; Farr v. Newman, 4 D. & E. 645, 648; and St 1783, c. 32, § 9, were also cited by Aylwin to this point. Hubbard, to show that the record might be amended, cited Com. Dig. Amendment, D. 1, and K 1; Chapman v. Gale, 2 Lev. 22; Short v. Coffin, 5 Burr. 2730; St. 1783, c. 59, 3. — Reporter.

 Cushing v. Hurd, 4 Pick. 253.

 In Maine, it is held that a judgment creditor may extend his execution on land mortgaged for the same debt; and if the debtor neglect to redeem for the space of a year after the extent, the estate is absolute in the creditor, notwithstanding the mortgage. Porter v. King, 1 Greenl 297. See Tice v Annin, 2 Johns. Ch. R. 125. If a negotiable note secured by a mortgage of the promisor’s land, is assigned without the mortgage, the equity of redemption may be attached and sold on execution, in a suit by the indorsee against the promisor. Crane v. March, 4 Pick. 131.