## BONDURANT, Adm'r, &c. v. THOMPSON'S DISTRIBUTEES.

1. A judgment or decree cannot be amended, upon evidence *dehors* the record.

2. In the settlement of an estate in the orphans court the court has no power to allow the set off of a debt, due to the estate, by one of the distributees, against the share of such distributee.

3. Previous to the statute of 1839, authorizing administrators to rent the lands of their intestates, the orphans' court had no power to compel an administrator to account for the rent of land of the estate, received by him.

4. Where a sheriff, as administrator *ex officio*, neglects to collect notes, due the estate, until his term of office expires, he will not be chargeable with the amount thereof, if the makers of the notes were perfectly solvent, for a considerable time, after his administration ceased.

Error to the Orphans' Court of Marengo. Before the Hon. James A. Young, Judge.

THIS was a proceeding by defendants against plaintiff in error, to compel a settlement of his administration of the estate of Nicholas W. Thompson. The plaintiff, as sheriff of

Marengo, was, in 1836, appointed administrator of said estate, and received as assets of the estate, notes on various persons to an amount exceeding $700. He also, between the years 1836 and 1838, received $197 for rent of the land of which his intestate died seized. His term of office expired in August, 1838, at which time the notes remained uncollected, and from which time to 1843, they continued in his hands, no administrator *de bonis non* having been appointed in the mean time. The makers of the notes were perfectly solvent for some time after the expiration of plaintiff's term of office. In 1843, one Dubose was appointed administrator *de bonis non*, and plaintiff immediately turned the notes over to him, but they were then worthless. The plaintiff, in the course of the settlement, which took place in February, 1846, claimed as a credit, $150, due by Sarah Thompson, one of the distributees, on one of the notes received by him, and with which amount he was sought to be charged, but the court refused to allow it. Judgment was entered in favor of the distributees, for the aggregate amount of the notes, and also for the rents received by plaintiff.

At the October term, 1847, a motion was made by the plaintiff to amend the decree, by inserting in it, that at the trial, the plaintiff objected to being held to account, on the ground, that he was never the administrator on the estate of said Thompson, which motion was supported by affidavits, satisfactorily showing that such objection was made, but the court overruled the motion, and at the instance of the plaintiff, signed and sealed a bill of exceptions. The plaintiff now assigns as error, the several rulings and judgment of the court.

BROOKS, for the plaintiff.

CHILTON, J.—1. We cannot regard the bill of exceptions in this case, which was sealed more than eighteen months after the final trial, but if we could, it is perfectly clear, that the court below could not properly have made the amendment desired by the motion of the plaintiffs in error. There is nothing in the record by which to amend, and it is well settled that an amendment cannot be predicated upon

matter *dehors* the record. Beuford v. Daniels, 13 Ala. 667, where the authorities are cited. The county court did not therefore err in overruling the motion.

2. In Watson et al. v. McClanahan, Ex'r, 13 Ala. Rep. 57, it was held, that an executor is entitled to payments made by him to a creditor of a legatee, by his direction, when there was an agreement that they should be allowed on settlement as a payment of the legacy. But he has no right to set off a debt due to him against the share of a distributee. Kidd v. Porter, 13 Ala. Rep. 91. This case is not rested upon the ground that the demands are due in different rights, but the set off is rejected for want of jurisdiction in the orphans' court. The set off is in the nature of a cross suit, and as the orphans' court is one of limited jurisdiction, created by, and dependent upon, the statutes for its powers, those statutes having conferred no power to try questions of this kind, we think the judge of that court properly refused to allow the set off.

The record does not show that the administrator received the proceeds of the rent of the land belonging to the intestate in virtue of his office ; but it is clear that the land was rented by him before the act of 1839, authorizing him to rent it, and making the proceeds assets of the estate. Not being assets of the estate, the jurisdiction of the orphans' court did not attach ; and consequently no decree could be rendered against the administrator for such rent.— Smith's Heirs v. Smith's Administrator, 13 Ala. Rep. 329. The parties entitled must seek their remedy in another forum.

The only remaining point necessary to be considered is, whether the administrator shall be held liable for the notes due to the estate which came into his hands, but upon which he failed to sue. The notes were shown to have been perfectly good long after the administration of the estate by Bondurant ceased, and no injury would have resulted to the estate had an administrator been appointed as the successor of Bondurant. It was the duty of the county judge to have appointed an administrator *de bonis non*, after Bondurant's term of office expired. His failure to do so should not have the effect to charge the plaintiff in error.

The principle settled by Dean and wife v. Eldridge administrator, at the present term, shows, that the bare failure to sue on the part of the administrator, for two years, the parties to the note being perfectly solvent long afterwards, is not sufficient to charge the plaintiff in error. 3 Lit. Rep. 177. The notes being on interest, and perfectly good, a prudent man, having no need for the immediate use of the fund, might well have postponed their collection. It is a sufficient answer to his retention of the notes after his term of office expired, that there was no person to whom he could hand them, and that he did deliver them to his successor upon his appointment.

It results from what we have said, that the judgment of the orphans' court must be reversed, and the cause remanded.