## SALTMARSH vs. BIRD, Adm'r.

1. When a claim against an insolvent estate has been rejected by the Judge of the Orphans' Court, the claim cannot be re-investigated by the succeeding Judge of Probate, if any of the creditors object.

2. A judgment cannot be amended *nunc pro tunc*, at a subsequent term, unless there is some matter of record to amend by.

3. The refusal of a Judge of Probate to admit a person claiming to be a creditor of an insolvent estate, to renew the litigation after a final judgment rejecting his claim, is not such a judgment as will authorize a writ of error.

Error to the Court of Probate of Mobile County.

The plaintiff in error filed in the Orphans' Court a claim against the estate of Thomas Casey, deceased, which had been declared insolvent, but the claim on final hearing was rejected by the court. At a subsequent term of the Court of Probate, the plaintiff moved the court for an allowance of his claim and his distributive share of the estate, but on the objection of some of the creditors, the claim was again rejected. It appears from the bill of exceptions that this motion was predicated on a memorandum on the back of the claim in the handwriting of the Judge of the Orphans' Court, showing that it had been rejected because the affidavit of the claimant was made before a justice of the peace, and the plaintiff moved to amend the former judgment *nunc pro tunc* from this memorandum, so as to make the record show the reason of the rejection of his claim, which motion the court refused and the plaintiff excepted.

Hamilton, for plaintiff in error.

Jones, *contra*.

CHILTON, J.—A final judgment rejecting the claim of the plaintiff in error having been rendered by the Orphans' Court, it was not competent for the Probate Judge who succeeded to the powers of the Orphans' Court Judge, to treat the decree of his predecessor as a nullity, and re-investigate the claim, if any of the creditors objected; for they, and not the administrator, were the persons whose interest was to be affected by its allowance,

43

the estate being insolvent. We must presume the record of the former judgment correctly sets forth what was considered and decided by the court. This rejects the claim *in limine*, and it was not competent for the judge at a subsequent term, from the memoranda in the handwriting of Judge Cuthbert, endorsed on the back of the note, to interpolate by amendment *nunc pro tunc* the reason for the former judgment, so as to destroy its effect as a bar. If such amendment were allowable in any case, it is well settled there must be some matter of record to amend by, and here none exists. The plaintiff in error had no standing in the court below, and the refusal of the court to admit him to renew the litigation after a final judgment rejecting his claim, is not such a judgment as authorizes a writ of error. The writ must consequently be dismissed.