# HUDSON vs. HUDSON.

1. A judgment can only be amended, or rendered, *nunc pro tunc*, when the amendment or rendition is authorized by some matter of record, or by some entry made by or under the authority of the court, which entry must be shown by the record of the cause, or at least by some book belonging to the office of the court, and required by law to be there kept.

2. A paper, purporting to be a final decree, ascertaining the amount in the hands of the administrator, and the share of each distributee of the estate, signed by the judge of the Orphans' Court, and filed among the papers of the cause, is insufficient to authorize the rendition of a decree at a subsequent term, *nunc pro tunc*, when it does not appear that it was ever recorded or entered on the minutes of the court, or that any note or memorandum of any final decree had been made in any book of the office.

ERROR to the Court of Probate of Tuskaloosa.

ORMOND & NICOLSON, for plaintiff in error.

P. & J. L. MARTIN, *contra.*

DARGAN, C. J.—On the second Monday of August, 1850, Ann Hudson, by her guardian, F. P. Hale, moved the Court of Probate of Tuskaloosa county to enter a decree of final settlement of the estate of James Hudson, deceased, against John and Nancy Hudson, administrator and administratrix of said estate, by which a sum of money was ascertained and awarded to her, and which should have been entered on the second Monday in April, 1847. In support of her motion, she introduced the record of said cause, from which it appears, that the plaintiffs in error were administrator and administratrix of said estate, and that previous to April, 1847, the estate was in progress of final settlement, and that the cause had been continued several terms previous thereto.

At the December Term, 1846, the record shows that the cause was continued until the next term of said court; and this was the last entry that appeared upon the minutes of the court, or upon any book of record; but amongst the file of papers in the cause, there appeared a paper, purporting to be a final decree, made by Samuel D. J. Moore, who was judge of said court at the time the paper bears date, by which the amount in the hands of the administrators, and the share

thereof of each distributee, was ascertained. This paper purports to be signed by the judge, and on the back of it was the following endorsement: "Decree, Estate of James Hudson; Filed 2d Monday in April, 1847. S. D. J. MOORE, Judge." It did not appear that this decree had ever been recorded or entered upon the minutes of the court, nor that any note or memorandum of any final decree had ever been made upon any book of the office. This was the only evidence introduced to show that a final decree had ever been made in the cause, and the question is, was it sufficient to authorize the court to render the decree *nunc pro tunc?*

We think that no judgment can be amended, or one rendered *nunc pro tunc*, unless such amendment or rendition of judgment be authorized by matter of record, or some entry made by or under the authority of the court, which entry must be shown by the record of the cause, or at the least, by some book belonging to the office of the court and required to be there kept by law. None of the decisions of this court go further than this, and to go one step further would, in our judgment, be productive of the most mischievous consequences. See 2 Stewart's Rep. 470; Moody v. Keenar, 9 Porter, 252; Brown v. Bartlett, 2 Ala. 29; Armstrong v. Robertson et al., ib. 164. We must, therefore, [library stamp] the paper purporting to be a final decree can be considered as part of the record. I will not undertake, at this time, to say what papers shall be so considered before the final record is complete, and when the cause is progressing, or is *in fieri*. But I think I may say, that if the paper is not necessarily a paper in the cause, the custody of which belongs to the keeper of the records, and the record does not show that it was made so, *that is*, made part of the record by the act of the court, then it cannot be considered *a record* or a part thereof.

If we try this paper by this test, we must reject it as record evidence. No part of the record shows that a final decree was ever rendered. This is shown alone by the paper itself. Nor does the record show that this paper was ever made part of the record by the act of the court, and clearly it is not a paper *necessarily* belonging to the cause, for there is no law requiring the Probate Judge to render his decrees in writing.

He may orally pronounce his decrees, which will become the judgments of the court when transcribed on the minutes, or he may write them out and direct them to be transcribed; and possibly, if the record were to show that the decree had been rendered in writing, and the clerk directed to transcribe it, we might hold such a decree, so directed to be recorded, as record evidence. But a paper purporting to be a decree, and which is shown to be so by no part of the record, cannot be considered as part thereof. To hold that a paper, when not necessarily a part of the papers of the cause, could prove itself to be part of the record, in the absence of all other proof, would not only be an innovation upon the rules of evidence, but open a door to serious mischiefs.

Our conclusion is, that the instrument purporting to be a final settlement and decree, cannot be considered as part of the record, and consequently that the Probate Court erred in rendering the decree *nunc pro tunc*, for the reason, that excluding this paper, there is no evidence whatever that a final decree had ever been rendered.

Let the judgment be reversed.