# PERKINS *vs.* PERKINS.

[MOTION FOR RENDITION OF FINAL DECREE NUNC PRO TUNC.]

1. *Evidence held insufficient.*—An entry, made by a judge of probate on his trial docket, in these words, "Estate of Solomon Perkins, dec'd. Final settlement—Settlement made", in connection with memoranda endorsed on the executors' account current by one of the attorneys in the cause, showing the terms of the settlement, and the parol evidence of the judge that he had pronounced an oral decree in conformity with the memoranda, is insufficient to authorize the rendition of a final decree at a subsequent term *nunc pro tunc.*

APPEAL from the Court of Probate of Wilcox.

MOTION by Samuel F. Perkins, at the May term, 1853, for the rendition of a final decree against the executors of Solomon Perkins, deceased, *nunc pro tunc* as of the 14th April, 1851. The court granted the motion, and its action is now assigned for error.

A. P. BAGBY and JAS. E. BELSER, for appellant.

GOLDTHWAITE, J.—The rule as laid down in Hudson v. Hudson, 20 Ala. 364, is, that no judgment can be amended,

unless the amendment is authorized by matter of record, or by some entry made by or under the authority of the court, which entry must be shown by the record of the cause, or at least by some office book required to be kept by law. Here the amendment was predicated on an entry, made by the judge of the Probate Court on his trial docket, in these words :

"ESTATE OF SOLOMON PERKINS, deceased.

"Final settlement. Settlement made ;"

and the terms of the settlement were proved by memoranda endorsed on the account current, not made under the direction of the court, but by the attorney in the cause, and the evidence of the judge, to the effect that he pronounced an oral decree in conformity with these memoranda.

If we can hold this sufficient, there is no telling where we are to stop. If a judge can refresh his memory, by writings made by a third person, and prove the terms of his decree in that way, it is the same in principle, as allowing the terms of any judgment, verdict, or decree, to be established altogether by oral testimony ; and this would be a very dangerous precedent, and going much farther than any of our decisions warrant.

The decree must be reversed, and the cause remanded.