(133 So. 286)

## SCHOLES et al. v. KIBBE.

### 6 Div. 775, 775–A.

Supreme Court of Alabama.

March 12, 1931.

Rehearing Denied April 9, 1931.

See, also, 219 Ala. 571, 123 So. 61.

W. P. McCrossin and Theodore J. Lamar, both of Birmingham, for appellants.

H. A. Entrekin and E. C. Crow, both of Birmingham, for appellee.

588

**THOMAS, J.**

The report of Kibbe v. Scholes, 219 Ala. 571, 123 So. 61, decides the questions presented on the pleadings. The submission is on motion to dismiss this appeal, and on the merits.

Appellants' brief refers to the "decree of reference" rendered by the lower court in this cause, which, it is insisted, shows on its face that it is not a final decree, but interlocutory, in that it does not determine all the equities between the parties to the suit; that it is referred to the special master to ascertain what amount of money should the complainant in equity and good conscience be required to pay into this court for the use and benefit of the heirs at law of James Scholes, deceased; that the names and ages at the time of making his report of the heirs at law of James Scholes, deceased, be ascertained; and the decree further stipulates that this cause is retained for such orders and decrees as may be necessary upon the coming in of the special master's report.

For these reasons it is urged that it is not a decree from which an appeal will lie to this court. The same was not taken within thirty days from the rendition thereof, section 6079, Code; the decree was rendered on the 12th day of September, 1930, and security for costs of appeal was taken and approved on the 18th day of October, 1930. Hence it is moved that the appeal should be dismissed.

It is apparent that, in the respects indicated, it was an interlocutory order, and the appeal was not taken within thirty days from rendition thereof.

▆ The timely appeal is a jurisdictional fact (Minge v. Smith, 206 Ala. 330, 89 So. 473; Blackburn v. Huber Mfg. Co., 135 Ala. 598, 33 So. 160), and will be taken by the court ex mero motu (City of Troy v. Mur-

phree, 214 Ala. 118, 107 So. 83; Devane v. Smith, 216 Ala. 177, 112 So. 837).

It is pointed out by Mr. Sims that the two definitions of Mr. Daniels (2 Daniels Ch. Pr. 1192) as to final and interlocutory decrees are not, in all respects, in accord with our decisions (Sims Ch. Pr. p. 317, note 4); that decrees may be partly interlocutory and partly final (Cochran et al. v. Miller, 74 Ala. 50; Adams v. Sayre, 76 Ala. 509, 517; Malone & Foote v. Marriott, 64 Ala. 486; De Graffenried v. Breitling, 192 Ala. 254, 68 So. 265).

▆▆ The court had determined in the decree the rights and equities of the parties, saying: "Upon consideration thereof the Court is of the opinion that the complainant is entitled to relief, but the Court is unable to determine upon the submission what amount of money the complainant in equity and good conscience owes as a condition precedent to having this Court vest in him the title to the real estate described in the lease sale contract exhibited in this cause and also described in the bill of complaint as last amended; nor is the Court able to determine upon this submission who are the heirs of James Scholes, deceased, who entered into the lease sale contract with the complainant on the 20th day of April, 1921." This decree is, as to the feature establishing the rights and equities of the parties, final, and the appeal was prosecuted within the time allowed by statute for final decree. The motion is therefore overruled. And assignments of error directed to the interlocutory parts of the decree will not be considered. The two assignments of error directed to the ruling of the court in (1) not sustaining the special plea as amended, and (2) not dismissing the bill, are for consideration.

▆ The pleading and evidence are sufficient to show that the complainant had performed or executed his part of the lease sale contract, by the payment of $400 cash, and from time to time by paying the purchase-money notes of $35 each and interest and taxes, to the large sum of $1,800 or $1,850,—more than the required amount of purchase price—to give the right under the contract to demand the conveyance, and that such payments were made, and conveyance demanded, and was refused. This refusal or failure of compliance with material provisions of the contract of purchase on respondents' part excused complainant's failure or refusal to make other payments. The evidence of notice to quit, threats and intimidation to that end, were calculated to cause appellee and wife to vacate the premises.

▆▆ However, it is not clearly shown from the evidence that certain of the acts of intimidation and conduct causing the complainant to vacate were those of respondent or his agent. The notice through counsel to

vacate was not such as to entitle complainant to damages, though sufficient to excuse his act of vacation and failure to make other payments. In this the decree is without error, and cross-assignment of errors is without merit. The complainant should not be charged with interest on deferred payments after his wrongful dispossession, and will be credited with reasonable rental value of that property and interest thereon to the time of the reference. The specific sums due and to be allowed will be determined on the reference.

The decree of the circuit court is affirmed.

Affirmed.

ANDERSON, C. J., and SAYRE and BROWN, JJ., concur.