123 So.2d 209

**Ex parte STATE of Alabama ex rel. Price L. MITCHELL et al., as Members of the Personnel Board of Mobile County.**

I Div. 883.

Supreme Court of Alabama.

Sept. 8, 1960.

Mylan R. Engel, Mobile, for petitioners.

Fred G. Collins, Mobile for respondent.

GOODWYN, Justice.

This is an original mandamus proceeding filed here by the State, on the relation of the members of the personnel board of Mobile County, to require Honorable W. C. Taylor, as circuit judge of Mobile County, to vacate an order issued by him in a mandamus proceeding brought in the circuit court by the State, on the relation of said personnel board, to require the members of the board of commissioners of the city of Mobile to put into effect and follow an amended pay plan for the city's employees as adopted by the personnel board.

The following will suffice as a statement of the case:

The personnel board was created by and operates under the provisions of Act No.

470, appvd. Sept. 15, 1939, Local Acts 1939, p. 298, as amended. Of particular interest here is § XXVIII of said act, as amended by Act No. 430, appvd. Sept. 25, 1947, Local Acts 1947, p. 287, providing as follows:

"* * * Section XXVIII. Certifications Of Payrolls: (a) It shall be unlawful for any County or City official, officer or employee, or any other officer, to pay or cause to be paid any salary or compensation to any person in the Classified Service, of Mobile County or any City therein, for personal services, unless the payroll, estimate, voucher, or account for such salary or compensation, containing the name of the person to be paid shall bear the certification of the Director that the person or persons named therein are employees of the County or City and are legally entitled to receive the sums stated therein. (b) Any sum paid contrary to any provision of this Act or of any Rule, regulation or order thereunder may be recovered in an action maintained in the name of the County or City by the applicable County or City Attorney or by any citizen or taxpayer of such County or City, from any officer who made, approved or authorized such payment or who signed or countersigned a voucher, payroll, check, or warrant for such payment, or from the sureties on the official bond or [sic] any such officer. All moneys recovered in any such action shall be paid into the respective County or City treasury. (c) Any person appointed or employed in contravention of any provision of this Act or of any Rule, regulation of [sic] order thereunder who performs service for which he is not paid, may maintain an action against the officer or officers who purported so to appoint or employ him to recover the agreed pay for such services, or the reasonable value thereof if no pay was agreed upon. No officer shall be reimbursed by a County or City at any time for any sum paid to such person on account of

such services. (d) If the Director wrongfully withholds certification of the payroll voucher or account of any employee, such employee may maintain a proceeding to compel the Director to certify such payroll voucher or account."

Also of some interest is § XXXIV of Act No. 470, viz.:

"Section XXXIV. Court Proceedings: Orders of the Personnel Director and Personnel Board may be enforced by mandamus, injunction, quo warranto or other appropriate proceedings in a court of competent jurisdiction. Any person directly interested may, within five days, appeal to the Circuit Court of Mobile County from any order of said Board, by filing notice thereof with Board, whereupon said Board shall certify to a transcript of the proceedings before it and file the same in said court. Findings of fact of said Board contained in such transcript is supported by substantial evidence adduced before said Board or before its Personnel Director after hearing and upon notice to the interested party or parties and after affording such parties an opportunity to be heard, shall be conclusive on such appeal. The issues on such appeal shall be made up under the direction of the Court and within thirty days after said transcript is filed therein, and trial thereof shall proceed on the evidence contained in such transcript, if it appears therefrom that said evidence was taken after such notice and opportunity to be heard. If upon such appeal the Court finds that the ruling, order or action appealed from is unlawful or unreasonable within the meaning of this Act it shall have power to vacate or modify the same."

On October 14, 1959, the personnel board adopted an amended pay plan for all employees in the classified service, including such employees of the city of Mobile, the amended pay plan to go into effect on November 1, 1959.

On November 12, 1959, the mandamus proceeding in the circuit court, mentioned above, was filed and an alternative writ issued to the respondent city commissioners, as prayed for, commanding and requiring them "to comply with the orders of the personnel board for Mobile County, dated October 14, 1959, and effective November 1, 1959, with reference to the amendments to the pay plan for the classified employees of the city of Mobile, or, in the alternative," to appear on November 17, 1959, and "show cause, if any they have, why they should not do so."

On November 17, 1959, the day set for answering the alternative writ, the commissioners' demurrer to the petition was sustained. On the same day, ¶ 7 of the petition was amended to read as follows:

"Seven

"The Defendants, Commissioners of the City of Mobile, are the governing body of the City of Mobile and as such, are charged with the duty of complying with the orders of the Personnel Board putting into effect said amendments to the pay plan, applicable to the classified employees of the City of Mobile, and that said Defendants have failed and refused to comply with said orders of the Personnel Board, which are applicable to the City of Mobile, and which went into effect November 1, 1959. The Defendants have failed and refused to comply with the orders of the Personnel Board in this, to-wit, that they have advised the Personnel Board and the Personnel Director as to those city employees in the positions of Clerks I, II, III, IV, and Stenographers and Apprentices I, that they shall receive the minimum wage as provided in said pay plan, rather than place said employee in the range which most closely corresponds to the highest range presently assigned to the class in any jurisdiction. The Defendants have further notified the Personnel Department that, effective November 1, 1959, the City of Mobile will pay all of its

personnel, with some few exceptions, the wage shown on said pay plan which is closest to the wage now being received by the City employees working under the various classifications as shown in said pay plan. Petitioners aver and allege that the action of the City is not in compliance with the orders of the Personnel Board."

Thereupon, on the same day, the commissioners refiled their demurrer to the amended petition and the trial court entered the following order:

"This cause coming on to be heard on this the 17th day of November, 1959, pursuant to the Alternative Writ of Mandamus heretofore issued by this Court, and the Court having sustained the demurrers filed by the Respondents to the petition for the Writ of Mandamus in this cause, and the Petitioners herein having amended said petition, and the Respondents having refiled their demurrers to the petition as amended, and the Court having taken said demurrers under submission for consideration.

"And the Court being informed that the Director of the Personnel Board for Mobile County, the members of which are Petitioners in this cause, have refused to certify the payroll vouchers of seventy employees of the City of Mobile, whose names are shown on the schedule attached to this order and made a part hereof, contending that the payroll vouchers submitted by the City of Mobile do not comply with the order of the Personnel Board, which action of the Director will result in said seventy employees of the City of Mobile not being paid for the services rendered to the City of Mobile from November 1, 1959, through November 15, 1959.

"The Court being further informed that the City of Mobile in submitting payroll vouchers to the Director of the Personnel Board for Mobile County on

or about November 15, 1959, did not comply with the proposed pay plan adopted by the Personnel Board for Mobile County, Alabama, as said proposed pay plan affected the employees of the City of Mobile listed in the attached schedule, but the Court being further informed that the City submitted payroll vouchers for said employees for an amount equal to or in excess of the amount paid to said employees prior to November 1, 1959, all as shown by the schedule attached hereto and made a part hereof.

"The Court being further informed, by statement in open Court made by the Attorney of record for the Defendants and the City of Mobile, that the City of Mobile desires to be allowed to execute and deliver to the employees affected as shown by the attached schedule a check for the amount submitted on the payroll vouchers of said employees to the Director of the Personnel Board for Mobile County, Alabama, with the further understanding that should it be finally determined that the City of Mobile will be required to pay the amount set forth in the proposed plan adopted by the Personnel Board for Mobile County, Alabama, which in each instance is for an amount in excess of that amount shown on the payroll vouchers heretofore submitted to the Director of the Personnel Board for Mobile County, Alabama, by the City of Mobile, as shown by the attached schedule then the City of Mobile will make payment to each of said employees of the difference between the amount actually paid to said employee and the amount set forth in the proposed pay plan adopted by the Personnel Board for Mobile County, Alabama, said amount to be retroactive to November 1, 1959.

"The Court being of the opinion that it would be unfair and unjust to deny to the affected employees the pay earned by said employees from the period from November 1, 1959, until this cause is finally decided:

"Now Therefore, it is hereby ordered and adjudged by the Court that the Defendants in this cause, and the City of Mobile, a Municipal Corporation, and any and all of its agents, servants or employees are hereby authorized and directed to pay to the employees affected by the order of the Personnel Board of Mobile County, Alabama, whose names are listed in the attached schedule, each pay period, an amount which will result in each of said employees receiving for each month worked the amount of money set forth in the attached schedule, said schedule being made a part of this decree, under the column headed 'City's Proposed Pay, November 1, 1959,' until this cause is finally determined.

"To which said order by the Court the Petitioners then and there excepted."

On November 20, 1959, the commissioners filed additional grounds of demurrer questioning the constitutionality of Act No. 470 on several grounds. So far as appears from the record, there has been no ruling on the demurrer as amended.

The petition here was filed on December 16, 1959, and the alternative writ was issued to the respondent judge, as prayed for. The petition questions the order of November 17 authorizing and directing payment of the salaries of certain employees of the city pending determination of the cause. The contention is that the trial court was without authority to make such an order because it is contrary to the requirement of § XXVIII of Act No. 470, as amended, supra, that the payroll for such salaries bear the certification of the personnel director.

It seems clear that said order is violative of the express provisions of amended §

**207**

XXVIII. Hence, the trial court was without authority to issue it. We have held that mandamus is the proper remedy to have an order vacated which the trial court had no power to enter. Ex parte Sharp, 259 Ala. 652, 655, 68 So. 2d 545; Ex parte Myers, 246 Ala. 460, 461, 21 So.2d 113; State ex rel. Davis v. Curtis, 210 Ala. 1, 4, 97 So. 291. But, says the respondent, this is an interlocutory order which can be adequately reviewed on appeal from the final judgment and, therefore, mandamus is not appropriate, as pointed out in his demurrer and answer to the petition.

 While it is the general rule in this state that mandamus ordinarily will not be granted if the matter complained of can be presented ultimately on an appeal (Martin v. Martin, 267 Ala. 600, 605, 104 So.2d 302; Brittain v. Jenkins, 263 Ala. 683, 684, 83 So. 2d 432), a review by mandamus has been allowed where, because of the particular circumstances involved, adequate redress cannot be afforded by appeal after final judgment (Brittain v. Jenkins, supra; Ex parte Merchants Nat. Bank of Mobile, 257 Ala. 663, 664, 60 So.2d 684).

Since the order is one which the trial court had no authority to issue, and directs the respondent commissioners, as well as "the city of Mobile, a municipal corporation, and any and all of its agents, servants or employees," not parties to the mandamus proceeding, to do acts expressly prohibited by Act No. 470, as amended, it seems clear that a review of the order on final appeal, if then reviewable, would not afford adequate redress. To say the least, the order could give rise to a plethora of litigation adversely affecting persons other than the parties to the mandamus proceeding. See § XXVIII, Subsec. (b), Act No. 470, as amended, supra.

We observe that no question concerning the validity of Act No. 470, as amended, is now presented. As already noted, the city commissioners have raised that question by their demurrer to the petition for mandamus in the circuit court, which has not yet been ruled on.

From what we have said, it follows that a peremptory writ of mandamus is due to be awarded unless respondent, after being advised of this opinion, is content to vacate the order of November 17, 1959.

Writ awarded conditionally.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.