153 So.2d 778

**Jerry DuBOISE**

v.

**Inez DuBOISE.**

**I Div. 75.**

Supreme Court of Alabama.

May 16, 1963.

Thos. F. Sweeney, Mobile, for appellant.

M. A. Marsal, Mobile, for appellee.

PER CURIAM.

This is an appeal, with prayer in the alternative for mandamus, or other ap-propriate writ, if appeal does not lie, from an order or decree of the circuit court, in equity, whereby the court, ex mero motu undertook to amend a prior decree which the court had rendered almost two years earlier in a divorce suit.

The husband was respondent in the di-vorce suit and is now appellant and peti-tioner in the instant case.

In August, 1958, the wife, in her original bill of complaint, charged cruelty and prayed for divorce dissolving the bonds of matrimony, for custody of a certain child of the parties, for the husband to be re-quired to make periodic payments to the wife for support of the wife and said child, and for such further appropriate relief as she might be entitled to receive.

On October 21, 1958, the husband an-swered, denying the allegation of cruelty and setting out certain allegations as to his responsibility to support three other chil-dren of the parties and as to his income and physical condition.

On August 8, 1958, the wife filed also petition for support pendente lite and solici-tor's fee. By order dated January 20, 1959, the court ordered the husband to pay $12.50 per week, pendente lite, pursuant to agree-ment of the parties.

On each of the dates, June 19, August 21, and September 14, 1959, respectively, the wife filed motion for rule nisi alleging that the husband was in arrears in making said payments. On September 14, 1959, the court ordered that the rule nisi be dismissed.

On January 7, 1960, the wife filed in open court an amendment to the bill as follows:

"Comes now the Complainaaat in the above styled cause and amends her complaint by alleging that the parties to this action own certain property in Mobile County, Alabama, and prays that this Honorable Court order and decree the rights of the parties to the property and set apart to the Com-

plainant the home place and a fair portion of the remaining property."

On January 7, 1960, the court heard testimony ore tenus and the cause was submitted on the pleadings and testimony so heard.

On January 14, 1960, was rendered the decree which the court later undertook to amend. The paragraphs of the decree are not numbered. We refer to the paragraphs according to the order of their appearance.

The first paragraph dissolved the bonds of matrimony; the second permitted remarriage after the statutory period; and the third awarded custody of children.

The fourth, fifth, and seventh paragraphs recite, respectively, as follows:

(fourth) "It is also further ordered, adjudged and decree by the Court that the Defendant shall pay to the Complainant the sum of $25.00 per week as alimony and support for herself and the minor child in her custody and that said payments shall be paid to the office of the Accounts Clerk of the Domestic Relations Division of this Court."

(fifth) "It is also further ordered, adjudged and decreed by the Court that the property jointly owned by the above parties shall be partitioned and divided equally between the above parties and that after said property has been partitioned the respective parties shall transfer to each other (sic) appropriate deed the right, title and interest in and to said property."

(seventh) "The Court retains jurisdiction of this cause for the purpose of making such other or future orders or decrees as to the property settlement and custody and support of the said minor children as to the Court may seem proper, and as changed conditions may require."

The sixth and eighth paragraphs order the husband to pay solicitor's fee and costs.

The transcript contains a motion filed February 29, 1960, by the husband, to reduce the $25.00 weekly payments, and an order dated August 19, 1960, denying his motion. There are other motions for rule nisi filed by the wife.

On July 28, 1960, the wife filed a paper moving "the Court to order the property *owned jointly* by the parties hereto to be sold" (Emphasis Supplied.) and that the proceeds "be divided equally."

On August 5, 1960, the court made an order which recites in pertinent part as follows:

## "ORDER DIRECTING PARTITION OR SALE OF PROPERTY

"This cause coming on to be heard on a motion for public or private sale as filed by the above Complainant, the above parties being represented by counsel, and it appearing to the Court that the decree of this Court dated January 14, 1960 directed the *partitioning of the property of the above parties,* and it also further appearing to the Court that said partitioning has not been effected as of this date, and it also further appearing to the Court that said property should either be partitioned without delay or that said property be sold, and upon consideration, it is ORDERED, ADJUDGED and DECREED by the Court that the property owned by the above parties shall forthwith be partitioned and divided equally between the above parties subject to the Complainant having that part of the property with the homeplace on it and that said partitioning shall be effected by the respective parties transferring to each other by appropriate deed the right, title and interest in and to said property.

"It is also further ORDERED, ADJUDGED and DECREED by the Court that in the event either or both of the above parties fail, refuse or neglect to partition said property forthwith

then the Register of this Court be, and hereby is, directed to sell said property at private sale or at public sale after due notice has been published as prescribed by law, and that the proceeds therefrom shall be paid into the office of the Register of this Court to be retained therein until disposal shall be made by the Court." (Emphasis Supplied.)

On December 5, 1960, the court made an order as follows:

"ORDER DIRECTING SALE OF PROPERTY

"It appearing to the Court that an order was heretofore rendered on August 5th, 1960 in the above styled cause ordering that *the properties owned by the above parties be partitioned* and divided equally between the above parties and other related matters pertaining thereto, and in the event either or both of the parties fail, refuse or neglect to partition said property, then the Register of this Court was ordered and directed to sell such property at private or public sale after due notice has been published as prescribed by law, and that the proceeds therefrom be paid into the office of the Register to be retained by him until further disposed of by the Court, and it further appearing that the Complainant, by and through her solicitor, appeared this day and stated to the Court that the provision of said order dated August 5th, 1960 as to the partition and division of property heretofore mentioned has not been effected and that it will be necessary that the Register be ordered and directed to sell said property at public sale, and, upon consideration by the Court, it is ORDERED, ADJUDGED and DECREED by the Court that the Register be, and hereby is, ORDERED and DIRECTED to sell the following properties of the parties hereto at public outcry to the

highest bidder for cash and give due notice as prescribed by law, and is hereby ordered to file his Report of Sale as soon as is practical for him to do so after said sale." (Emphasis Supplied.)

Then follows a description, by metes and bounds, of real property which probably lies in Mobile County, but the order does not clearly so state. This order of December 5, 1960, is the first time a description of real estate appears in the pleading or record proper.

Next appears a motion filed May 8, 1961, by the wife, to order the register to advertise and sell certain real property, in Mobile County, which is described as in the order of December 5, 1960.

The husband, on May 15, 1961, filed an answer to the motion wherein he sets out the fifth paragraph of the decree rendered January 14, 1960, and further:

"The Defendant saieth that there is no property jointly owned belonging to the parties involved, that the property listed in the Complainant's Motion is property that belongs absolutely to the Defendant herein, Jerry Duboise, and that there was no such orders of Court to the effect that the Defendant's property be sold and divided with the Complainant."

On June 9, 1961, the cause was submitted for decree on the wife's motion for sale.

Next in the record appears the decree of January 3, 1962, of which the husband now complains. The decree recites as follows:

"ORDER AMENDING DECREE NUNC PRO TUNC AND APPOINTING COMMISSIONER TO SELL PROPERTY FOR DIVISION

"It appearing to the Court that a decree of divorce was granted in the above styled cause on January 14, 1960, and it also further appearing to the Court that the decree inadvertently stated that the property of the above parties was jointly owned and should

be partitioned and divided equally between said parties, and it also further appearing to the Court that the property in question belonged to the Defendant. and that the said decree of divorce should be amended nunc pro tunc and that a commissioner be appointed to partition or sell said property, and upon consideration, it is ORDERED, ADJUDGED and DECREED by the Court that the decree of divorce heretofore rendered between the above parties on January 14, 1960, as pertains to the property be, and hereby is, amended nunc pro tunc by striking therefrom unnumbered paragraph five as pertains to said property, and substituting the following therefor:

" 'It is, therefore, ORDERED, ADJUDGED and DECREED by the Court (sic) following property more particularly described as:

"(Description Omitted.)

be, and hereby is, to be sold at public or private sale and the proceeds therefrom shall be paid into the office of the Register of this Court to be disposed of by the Court'.

"It is also further ORDERED, ADJUDGED and DECREED by the Court that the Honorable Sam B. St. John Be, and hereby is, appointed as commissioner to sell said property at private or public sale after due notice has been published as prescribed by law in a newspaper of general circulation in this County, and after said property has been sold by said commissioner, he shall make a report thereof and deposit the proceeds of said sale into the office of the Register as ordered by the Court."

■ The decree of January 14, 1960, granted divorce, granted permission to remarry, awarded custody of children, awarded periodic payments of alimony for support of wife and child, determined the respective interests of the parties in their jointly owned property, ordered it partitioned, and ordered the husband to pay the fee for the wife's solicitor. Certainly that decree was a full determination of the equities of the case and was such a final decree as would support an appeal. The finality of the decree as regards an appeal is not affected by retention of power to modify by further orders to meet changed conditions. Rogers v. Rogers, 215 Ala. 259, 110 So. 140.

■ The decree of January 3, 1962, strikes out the provisions of the fifth paragraph of the earlier decree. Thus, as respects the interests of the parties in property, the later, amendatory decree is lacking in finality. We are of opinion that it will not support an appeal, but it will be reviewed on the application for mandamus.

From the entitlement of the decree of January 3, 1962, and the statements therein that the decree of January 14, 1960, "inadvertently" stated that the property was jointly owned and "should be amended nunc pro tunc," it appears that the trial court, in 1962, was undertaking to amend a supposed clerical error in the 1960 decree.

This court has said:

"In Ex parte Sharp, 259 Ala. 652, 68 So.2d 545, 547, we said that, 'Under Equity Rule 63, there is no power to correct judicial errors.' In Capps v. Norden, supra [261 Ala. 676, 75 So.2d [915] 920], we pointed out that under Equity Rule 63 clerical errors committed by the court can be corrected 'when there is sufficient matter apparent on the record or entries of the court to amend by.' In other words, we reach the same result whether it be under § 567, Title 7, Code of 1940, or under Equity Rule 63." Busby v. Pierson, 272 Ala. 59, 64, 128 So.2d 516.

■ This court has consistently refused to allow amendment of a judgment after the term when there was nothing in the record to amend by. The court has said:

"The latter act authorizes 'the Circuit and County Court respectively,' to 'amend any clerical error,' 'where there is sufficient matter apparent upon the record to amend by.' In the case before us, without admitting that the mistake in the first judgment was a 'clerical error' it has been already shewn, that there is nothing in the record, by which it could have been amended. The notice sent up, we have seen, is no part of the record, and none of the entries transcribed from the minutes of the Court characterize the plaintiff as a sheriff. The amendment then, was unauthorized; and such has been the construction of a similar statute in other states. (Citations Omitted.)"

Armstrong v. Robertson & Barnwell, 2 Ala. 164, 170.

" * * * The argument of the defendant's counsel, that the leave granted annually to the administrator to sell the crops, and the receipt of his accounts of sales, establish that the orphans' court had granted the order to keep the estate together under the ten years' statute, is untenable, inasmuch as none of these orders were made at the term when it is insisted the authority sought to be supplied by the amendment, was conferred; and it cannot be that the court, where there is no record evidence to amend by, can make the evidence which is to be the predicate of its subsequent action in making the amendment. If such were permissible, the statute, (Dig. 322, § 55,) would be entirely evaded. This only authorizes amendments when the record furnishes sufficient matter to amend by. In Thompson v. Miller, 2 Stew. 470, it was shown by parol evidence, that at a previous term of the court, an order had been made requiring the plaintiff, who was a non-resident, to give security for cost, and the order not appearing on the minutes, it was entered *nunc pro tunc*, but this court say, 'we have no

hesitation in saying, the order of the court below, entered *nunc pro tunc*, on oral testimony, was erroneous—such orders or judgments are only authorized where predicated on matter of record, or some entry or memorandum made by, or under the authority of the court.' This case is referred to without disapproval in the case of Brown v. Bartlett, 2 Ala.Rep. 29, and the same principle is reaffirmed in Armstrong v. Robertson and Barnwell, 2 Ala.Rep. 164, in which the name of Franklin Robertson, instead of Franklin Armstrong, was inserted in the judgment entry by mistake. See also, Andrews, adm'r, v. The Branch Bank of Mobile, 10 Ala.Rep. 375. These authorities, sustained as they are, by numerous decisions of other states having similar statutes, (see McKey v. Moore, 4 Bibb, 321 [7 Ky. 321]; Varnon v. Moore, 1 T.B.Mon.Rep. [213] 214 [17 Ky. 213]; Waldo v. Spence [Spencer], 4 Conn. Rep. 71; People v. McDonald [& Dobbs], 1 Cow.Rep. 189; Atkins v. Sawyer, 1 Pick.Rep. 351 [18 Mass. 351],) are quite sufficient to show there was no warrant for the entry made *nunc pro tunc* in the case at bar. The effect of the entry was to give the court a jurisdiction which it did not possess before the act of 1835, and to change materially the administration of the estate, and we feel satisfied the court erred in receiving and acting upon the parol evidence, in making the amendment, as shown by the bill of exceptions." Benford v. Daniels, 13 Ala. 667, 672, 673.

See: Bondurant v. Thompson's Distributees, 15 Ala. 202; Metcalf v. Metcalf, 19 Ala. 319; Saltmarsh v. Bird, 19 Ala. 665; Hudson v. Hudson, 20 Ala. 364.

The court has said further:

" * * * If a judge can refresh his memory, by writings made by a third person, and prove the terms of his de-

cree in that way, it is the same in principle, as allowing the terms of any judgment, verdict, or decree, to be established altogether by oral testimony; and this would be a' very dangerous precedent, and going much farther than any of our decisions warrant." Perkins v. Perkins, 27 Ala. 479, 480.

"Likewise oral evidence is wholly inadmissible on an application to enter a judgment nunc pro tunc. Stewart's Adm'r v. Stewart's Heirs, 31 Ala. 207, 214;. Perkins v. Perkins, 27 Ala. 479.

"The pronouncement of a judgment in open court, when no memorandum is then made of it, will not support an entry nunc pro tunc at a later term. (Citations Omitted.)

\* \* \* \* \* \*

" \* \* \* Bench notes were not necessary to sustain a judgment entered on the minutes during the term of court, against attack made on the judgment; and the judgment entry prevails over the bench notes when they conflict. Lockwood v. Thompson & Buchmann, 198 Ala. 295(3), 301, 73 So. 504. But they were always necessary to justify an order nunc pro tunc. \* \* \*" Du Pree v. Hart, 242 Ala. 690, 693, 8 So.2d 183.

In Sisson v. Leonard, 243 Ala. 546, 11 So.2d 144, the court discussed at some length the principles governing amendment of decrees more than thirty days after rendition. Among other things the court said:

" \* \* \* Those two statutes have been brought down to date as sections 566 and 567, Title 7, Code of 1940. But without those statutes all courts of general jurisdiction have the power to correct clerical errors, after the expiration of the term, when the record affords matter upon which to base such correction. Otherwise 'after its final adjournment its judgments are (were) absolute and conclusive, and the court has (had) no power over them.' " (243

Ala., at page 550, 11 So.2d, at page 146.)

The wife contends that there is matter of record to amend by in the notes, or transcript of the notes, made by the court reporter at the hearing ore tenus on January 7, 1960.

According to the reporter's transcript, at the close of the hearing, the court stated, among other things:

" \* \* \* Now, as far as the property which is acquired by both parties \* \* I am ordering the property partitioned; that is, divided in half properly with one half to go to Mrs. DuBoise and the other half to Mr. DuBoise, whether it means selling it and dividing the money or getting a surveyor to divide it into two equal parcels. \* \* \*"

Attached to the transcript of evidence is the certificate of the reporter to effect that the "foregoing pages 15 through 82 inclusive, comprise" a full and correct transcription of the testimony taken by the reporter on January 7, 1960, and further that the reporter has notified the attorneys of the filing of the transcript. The certificate is dated October 10, 1962.

We have not been able to find any showing as to when the transcript of evidence was filed in the office of the register. In fact, there is no showing that the transcript of evidence was ever filed in the office of the register, other than the certificate of the register that the foregoing transcript of 102 pages contains a full, etc., transcript "of the record and proceedings" in the cause. The register's certificate is dated October 11, 1962.

There is nothing to show that the writing, which purports to set out the oral pronouncement of the court made on January 7, 1960, was even in existence prior to October 10, 1962. It is this writing which the wife now insists constitutes matter of record by which the court, on January 3, 1962, was authorized to amend the decree

which had been rendered January 14, 1960, two years and nine months, less four days, prior to the existence of the writing, and prior to the filing of the writing in the office of the register.

We are not to be understood as holding that the transcript of evidence made by the reporter constitutes "matter apparent on the record or entries of the court to amend by." § 567, Title 7, Code 1940. We do not think the reporter's notes constitute such matter. We are certain, however, that a writing made and filed so long after the decree was rendered is not contemporaneous with the decree and will not sustain the amendment here sought to be made. Moreover, the purported statement of the court, appearing in the transcript of evidence, does not support the amendment as we understand it.

The reporter's transcription and certificate, at the most, constitute an affidavit by a third person. In an earlier case, a party sought to support, by affidavits, a motion to amend a decree of the orphans' court. In affirming the trial court's refusal to allow the amendment, this court said:

"We cannot regard the bill of exceptions in this case, which was sealed more than eighteen months after the final trial, but if we could, it is perfectly clear, that the court below could not properly have made the amendment desired by the motion of the plaintiffs in error. There is nothing in the record by which to amend, and it is well settled that an amendment cannot be predicated upon matter *dehors* the record. Beuford [Benford] v. Daniels, 13 Ala. 667, where the authorities are cited. The county court did not therefore err in overruling the motion." Bondurant v. Thompson's Distributees, 15 Ala. 202, 203, 204.

In the case at bar, the record does not afford matter upon which to base the decree of January 3, 1962. We are of opin-

ion that its rendition was not authorized as an amendment to correct a clerical error.

Argument is advanced that the decree of January 14, 1960, was interlocutory and not final so that the court, under its reserved power, had authority to modify the provisions relating to division of property.

We are not cited to any case which holds that a court can reserve power to amend a "property settlement," as distinguished from an allowance of alimony which is payable in installments for the support of the wife and children.

In Epps v. Epps, 218 Ala. 667, 120 So. 150, the court said:

"The question of first concern in this case is: Can a decree granting an absolute divorce and awarding permanent alimony to the wife, payable in monthly installments, be modified to meet changed conditions rendering the husband unable to pay, the decree having become final under the 30-day statute and no power to modify being reserved therein?"

The court answered the question in the affirmative and said:

"A decree providing for monthly payments of $100 per month, to run indefinitely, implies an allowance for support and maintenance to be met by the husband from his income or earnings, if need be. Such a decree is subject to modification on proper application and showing that performance is no longer possible or highly inequitable." (218 Ala., at page 669, 120 So., at page 152.)

In Sullivan v. Sullivan, 215 Ala. 627, 111 So. 911, where husband and wife made an agreement whereby the husband was to pay the wife $200 per month during her life, the court held that remarriage of the wife did not terminate her right to the monthly payments according to the agreement which had been approved by the decree. The court said:

"The allowance in the case at bar will be considered and construed in accordance with its substance and not its mere form. If, when so considered, the effect of the decree rendered was not that of a division of property, but of an allowance of alimony payable by installments for the support of the wife and children, it may be modified. * * *" (215 Ala., at page 629, 111 So., at page 912.)

In Constantine v. Constantine, 274 Ala. 374, 149 So.2d 262, this court held that a provision in a divorce decree for periodic payments to wife for her support was not for a division of property, but was an allowance for support of the wife, and could be modified, on a showing of changed conditions, more than ten years after rendition of the divorce decree.

As reasoned in Epps v. Epps, supra, the power of the court to modify a provision for periodic support payments is derived from the continuous nature of such a provision. A property settlement is not continuous; it is a one time thing. We incline to the view that the rule permitting a court to modify a provision for periodic support payments does not apply to a provision for division of property, and that the power reserved in the instant decree is not a power to change the decision of the court which determined the equities of the parties in property, but is the reservation of power to make such orders as are necessary to give effect to that determination.

There is another consideration which requires a holding that the January 3, 1962, decree was not authorized.

"It is also well settled that modification of the decree can only be ordered on proof of change of condition as the decree is final as to the conditions existing at the time as existing conditions are conclusively presumed to have been considered upon the rendition of the decree. * * *"

Morgan v. Morgan, 211 Ala. 7, 8, 99 So. 185. See also: Whittle v. Whittle, 272 Ala. 32, 128 So.2d 92.

Conceding arguendo, but not admitting, that a power to modify the property settlement could be and was reserved, we are nevertheless of opinion that the decree of January 3, 1962, was not authorized because the record does not show changed conditions.

As to what relief, if any, the wife might be entitled to have in appropriate proceedings, we express no opinion. We are of opinion that the decree of January 3, 1962, should be vacated.

Let the writ of mandamus issue as prayed for.

Appeal dismissed.

Writ awarded.

LIVINGSTON, C. J., and LAWSON, SIMPSON, MERRILL, COLEMAN, and HARWOOD, JJ., concur.

GOODWYN, J., dissents.

GOODWYN, Justice (dissenting).

The question in this case concerns the amendment on January 3, 1962, of part of a decree rendered on January 14, 1960, granting appellee (wife) a divorce from appellant and providing for the disposition of property. The property provision was the part amended.

As to the property, the original decree provided as follows:

"It is also further ordered, adjudged and decreed by the Court that the property jointly owned by the above parties shall be partitioned and divided equally between the above parties and that after said property has been partitioned the respective parties shall transfer to each other [sic] appro-

priate deed the right, title and interest in and to said property.

\* \* \* \* \* \*

"The Court retains jurisdiction of this cause for the purpose of making such other or future orders or decrees as to the property settlement and custody and support of the said minor children as to the Court may seem proper, and as changed conditions may require."

The amendment struck from the decree the first of the above two paragraphs and substituted therefor a provision that certain described real property "be sold at public or private sale" and the proceeds therefrom paid into the office of the register "to be disposed of by the Court." There appears to be no question that there is no jointly owned property and that title to the property ordered sold is in the husband alone.

On January 31, 1962, appellant filed a motion to set aside the decree of January 3, 1962. This motion was overruled on May 15, 1962. Thereupon, appellant appealed from the decrees of January 3, 1962, and May 15, 1962, and also has filed here a petition for mandamus to set aside said decrees in event it should be held that they are not appealable.

My view is that the decrees appealed from will not support the appeal; that the appeal should be dismissed; that the trial court had jurisdiction to render the amendatory decree; and that the petition for mandamus should be denied.

Equity decrees may be so framed as to be partly final and partly interlocutory. Newton v. Ware, 271 Ala. 444, 450, 124 So. 2d 664; Ex parte Sparks, 254 Ala. 595, 597, 49 So.2d 296; Wood v. City of Birmingham, 247 Ala. 15, 22 So.2d 331; Scholes v. Kibbe, 222 Ala. 587, 133 So. 286. In my opinion, the part of the decree of January 14, 1960, providing for disposition of property was interlocutory, as was also the decree amendatory thereof. A fortiori, the decree overruling the motion to

set aside the amendatory decree was also interlocutory. "If there is a decree directing further proceedings under the direction of the court in order to make the final decree effective, such decree is interlocutory and remains within the control of the court because as to such decree and further proceedings thereunder the cause remains in fieri." Newton v. Ware, supra. Here, the trial court expressly retained jurisdiction "for the purpose of making such other or future orders or decrees as to the property settlement." Such interlocutory decrees are not appealable. They are reviewable on appeal from a final decree. As said in O'Rear v. O'Rear, 227 Ala. 403, 406, 150 So. 502:

"In so far as the first decree is not final, but interlocutory, it is subject to modification or change, and rulings in respect to matters of an interlocutory nature are reviewable by appeal from the last final decree. McCalley v. Finney, 198 Ala. 462, 73 So. 639; Scholes v. Kibbe, 222 Ala. 587, 133 So. 286; Adams v. Sayre, 76 Ala. 509."

From Moore v. Hawk, 270 Ala. 684, 686, 121 So.2d 904, is the following apt statement:

" \* \* \* As we have often said, there can be more than one appeal from a decree in the equity court. And where something is left in fieri which calls for a further order of the court the court has jurisdiction to enter a decree thereon. \* \* \* "

In Ex parte Green, 221 Ala. 298, 300, 129 So. 72, it is said that "interlocutory judgments and decrees remain in fieri until final judgment is entered, and in the meantime the court may open, amend, or vacate them, as the facts justify (Pinkard v. Allen, 75 Ala. 73; Hurt v. Hurt, 157 Ala. 126, 137, 47 So. 260; Chancery Rule 82; 34 Corpus Juris, 216."

If the court was without jurisdiction to render the amendatory decree, such decree is void and mandamus is the appropriate remedy. Ex parte State, ex rel.

**230**

Mitchell, 271 Ala. 203, 207, 123 So.2d 209; Ex parte Sharp, 259 Ala. 652, 655, 68 So. 2d 545; Ex parte Myers, 246 Ala. 460, 461, 21 So.2d 113; State ex rel. Davis v. Curtis, 210 Ala. 1, 4, 97 So. 291. It is my opinion, however, that the trial court had jurisdiction to render the amendatory decree, that said decree is not void, and that mandamus will not lie. Accordingly, I would dismiss the appeal and deny the petition for mandamus.

For the foregoing reasons, I respectfully dissent.